their opinion, at that early day, on the question; and it appears, that, by an order of the privy council in *England*, of the 12th *August*, 1768, (set forth in the statement,) no *Canadian* claim to lands south of the 45th degree of north latitude, was to operate, unless such claim was consummated and confirmed by a grant, " under the seal of *New-York*."

We are, therefore, of opinion, that the plaintiff must have judgment.

ALBANY,
February, 1809.

Clark
v.
Barlow.

Judgment for the plaintiff.

———◦ ✪ ◦———

## CLARK *against* BARLOW.

This was an action of *covenant* for non-payment of *rent*, and the only question submitted to the court was, whether the plaintiff was entitled to recover *interest* on a rent, being a specific sum, payable *in money*.

*Interest* is allowable in an action of covenant, for a certain sum due for rent, and payable in money.

*Per Curiam.* We are of opinion, that in an action of covenant brought to recover a sum certain, due for rent, and payable in money, the plaintiff is entitled to recover the interest.

———◦ ✪ ◦———

## FODEN and SLATER *against* R. SHARP, who is impleaded with J. SHARP.

*Sedgwick*, for the defendants, moved to set aside the verdict, taken by default in this cause, for *irregularity*, and also on the *merits*, and asked whether it was to be heard as a non-enumerated motion.

*The court* said, that it must come on to be heard as an enumerated motion.

Where a bill of exchange is drawn in *England*, and payable there, the holder can recover only 5 *per cent.* interest. The *acceptor* of a bill of exchange, in a suit against him, cannot object to a protest for non-payment, that it does not state that a demand was made on him personally; it is sufficient, if it be stated, that payment was demanded at the house or place where the bill was accepted, to be paid.

A motion to set aside a verdict for irregularity, and also on *the merits*, is an enumerated motion.