1830.

Hart
v.
Dewey.

---

## Hart and others *vs.* Dewey and others.

Merchants can by agreement prescribe the mode of charging and crediting interest upon the several items in running accounts between them, provided the mode adopted is not intended to be and is not in fact a cover for usury.

In the absence of any agreement, a creditor receiving a partial payment of a debt has the right of applying it first to the satisfaction of the interest then due before it is applied to the discharge of any part of the principal.

This was a bill filed by judgment creditors to reach certain property of their debtor in the hands of others. The cause was heard on exceptions to a master's report and on the equity reserved.

May 4th.

*S. A. Foot*, for the complainants.

*G. F. Tallmnn, & R. Sedgwick*, for the defendants.

The Chancellor. The report of the master as to the amount due from Nathan must be confirmed. That amount appears from the report to be $435,06, casting the interest as Nathan insisted it should be cast in the account between him and Dewey. In running accounts between merchants, they have a right to agree upon the manner in which interest shall be charged and credited on the several items of debt and credit therein; provided it is not intended to be and is not in fact a cover for usury. Where there is no agreement or understanding to the contrary between the parties, the party receiving a partial payment has a legal right to apply so much thereof as is necessary to the satisfaction of the interest then due, before any part of the principal is cancelled. But the parties may agree upon a different mode of do-

ing the business, and may keep an interest account upon the items received and paid out. And this is the difference between the legal and the mercantile mode of computation. Perhaps in running accounts the latter is the most convenient mode. It certainly is not usurious. By the report of the master, it appears that the balance against Nathan, according to his own account, was $98,40, and that there was also due $336,66 for interest which he admitted was not included in that account through mistake. His counsel understanding his interest, if not his rights, better than he did himself, afterwards obtained a certificate from the master showing what the balance would be according to the legal mode of computing the interest. That however is no part of the master's report of the balance due. It is a mere computation to show what the interest would be by that method of computing it. The decision of the master was that $435,06 was due; and it was to that decision the counsel to Nathan should have excepted if he was dissatisfied therewith. That amount, with interest from the date of the master's report after deducting therefrom his costs in this suit to be taxed, must be paid over to the complainants or their solicitor in part satisfaction of their debts.

If The Gas Light Company consents to the sale of the stock held by them as a collateral security to satisfy their debt and costs, so that the complainants can have the balance of the proceeds thereof, it must be sold at public auction under the direction of a master; and all necessary parties must join in the transfer thereof to the purchaser. And out of the proceeds thereof, the amount due The Gas Light Company with interest, after deducting dividends, to be ascertained and settled by the master, must be first paid, and then their costs and the costs of the president and secretary, except such part thereof as has been produced by unnecessarily serving in their defences, must be next paid; and the balance must be applied to the payment of the complainants' judgments and their costs in this suit to be taxed. And the residue if any, is to be brought into court. But if The Gas Light Company do not consent to the sale, there must be a reference to a master to ascertain the amount due to them,

and the stock must be sold subject to that lien ; and the purchaser must be permitted to redeem on paying the amount due with interest, at any time within three months after the sale. If they subject the other parties to the probable loss which will be occasioned by the latter inconvenient mode of selling, the company and their agents, who are parties in this suit, must bear their own costs. The complainants are also to be at liberty hereafter to apply on the foot of this decree for such further and other relief, to reach any other property or effects of the defendant Dewey, as may be just ; and all other questions and directions are to be reserved.