## Morton vs. Ludlow & Western.

Where debenture certificates are given for goods bonded and subsequently exported, if the bond given for the duties is not paid, and a suit is subsequently brought thereon, the debenture certificates should be applied in part payment, as of the time when the bond fell due, so that interest shall not be charged upon any greater sum than the balance remaining due upon the bond, after deducting the amount of the certificate.

Where the receipt and payment of money is to take place at the same time and between the same parties, and the payment is to be made out of the fund which is to be so received, one sum should be allowed to compensate the other, without an actual receipt and payment.

THIS case came before the chancellor on an appeal brought by the district attorney of the U. States, from a decision of the vice chancellor of the first circuit. The United States having a lien upon the lands of which a partition was sought in this case, by consent of the district attorney the premises were sold, discharged of the lien, and a portion of the proceeds were deposited with the assistant register, subject to the equitable claims of the United States thereon. The only question, upon the appeal, was whether debenture certificates given for goods bonded and subsequently exported, should be applied at the time the bonds became due, so as to stop the interest upon the bonds pro tanto. (*See* 1 *Edward's Rep.* 639, *S. C.*)

*J. A. Dunlap*, for the United States.

*William Kent*, for H. M. Western.

THE CHANCELLOR. If the bond given for duties is paid when it falls due, the holder of a debenture certificate upon the exportation of the goods for which the bond was given has no claim for interest thereon if he neglects to present it

October 30.

to the collector, so that it may be paid out of the proceeds of the bond, or that it may be allowed in payment.   But where the bond remains unpaid in consequence of the neglect of the holder of the debenture certificate to surrender up the same and pay the balance due upon the bond, the principles of equity require that the United States should only receive and retain the interest on the balance which was justly due on the bond, after deducting the debenture certificates which had been given for the same goods and was payable at the same time as the bond.   Where the receipt and payment of money is to take place at the same time and between the same parties, and the payment is to be made out of the fund received, one sum should be allowed to compensate the other as far as it goes.   The party who is to receive and pay, has no equitable right to insist that the money shall be actually paid to him in the first instance, but one demand should, in that case, be permitted to compensate the other.   This was the rule of the civil law, and it is also the rule of equity and common sense.   And as the representative of the government consented that Western might show any equitable defence to the judgment on the bonds or any part of it, the vice chancellor was right in allowing the debenture certificates to be applied at the time the bonds fell due, so as to stop the interest on the bonds, pro tanto.

                                        Decretal order affirmed.