KITTREDGE, *in Equity, versus* McLAUGHLIN.

Upon proceedings in equity to redeem a mortgage to secure notes on *annual* interest, in estimating the amount due, *compound* interest cannot be reckoned. — HATHAWAY, J., *dissenting*.

Under the provision of c. 125, § 16, when the respondent renders an account of the money due and of the rents and profits in a reasonable time after demand, the *complainant* can recover no costs.

And although the *respondent* has complied with the demand in rendering the account, yet if he denies the right of the complainant to redeem when he is entitled to, *he* can recover no costs.

ON EXCEPTIONS to the rulings, APPLETON, J., January term, 1853.

BILL IN EQUITY.

This case was before the Court in 33 Maine, 327, when a master was appointed to find the sum due on the mortgage.

The sum tendered by complainant on July 18, 1849, was $525. By the master's report, after deducting the rents and profits, and reckoning *simple* interest on the notes, which specified interest *annually*, five hundred dollars only was due on the mortgage at that time; and since, the rents and profits have been about equal to the taxes paid.

The presiding Judge, *pro forma*, accepted the report and decreed $500, to be paid, and costs for complainant.

The respondent excepted because annual or compound interest was not allowed; and that the sum tendered was not given; and because interest was not allowed on the sum

due on July 18, 1849; and because complainant was allowed costs, when costs should have been given to respondent.

*Peters*, in support of the exceptions, cited to the first point — 1 N. H. 179; 3 N. H. 40; 10 Maine, 315; 23 Pick. 168, 169.

To the second point, 33 Maine, 216.

To the third point, 10 Maine, 161; *Osgood* v. *Jones*, 23 Maine, 312.

To the fourth point, 29 Maine, 302; R. S., c. 125, § 16.

*Rowe & Bartlett*, for complainant, in answer to the first exception, cited *Doe* v. *Warren*, 7 Maine, 48; *Howe* v. *Bradley*, 19 Maine, 31; *Reed* v. *Reed*, 10 Pick. 400.

In answer to the second, *Tucker* v. *Buffum*, 16 Pick. 50.

In answer to the third, 16 Pick. 50; R. S., c. 125, § 17.

In answer to the last, R. S., c. 115, § 56; *Saunders* v. *Frost*, 5 Pick. 271; *Clark* v. *Reed*, 11 Pick. 449.

The opinion of a majority of the Court, HATHAWAY, J., *dissenting*, was drawn up by

SHEPLEY, C. J. — The question was fully considered, whether compound interest could be allowed either at law or in equity in the case of *Doe* v. *Warren*, 7 Greenl. 48. That decision has been uniformly regarded as exhibiting the rule by which the rights of parties have been regulated since that time.

It is admitted, that compound interest is not recoverable at law; and when under a process in equity to redeem an estate mortgaged, the duty arises to ascertain what is " due on a mortgage," the Court cannot properly allow what is not legally due.

The exception to the master's report, in this respect, is overruled.

The plaintiff does not appear to be entitled to costs under the provisions of the statute, c. 125, § 16.

By the provisions of the same section the defendant would be entitled to costs, if he had not prevented the plaintiff from performing or tendering performance of the condi-

tion before the commencement of the suit. In this case, he has denied the existence of any right to redeem, and he cannot be entitled to costs, for the plaintiff could not be restored to the enjoyment of his full rights without a suit.

*Exceptions to master's report overruled, except what relates to costs. — No costs allowed to either party.*

TENNEY, HOWARD, and RICE, J. J., concurred.

The following *dissenting* opinion was delivered by

HATHAWAY, J. — A bill in equity to redeem land mortgaged to secure the payment of two notes, each for one hundred and twenty-nine dollars, dated April 17, 1835, payable on time, with interest annually. It appears by the original papers, referred to in the case, that the interest for the first two years, was paid and indorsed, when it became due, and that there were no subsequent indorsements.

The first question presented, on exceptions to the master's report, is, what interest should be allowed on the notes?

According to the law, as decided in this State and Massachusetts, if a promissory note be made payable in annual installments, with interest annually, and the interest be not paid at the end of each year, in an action on the note, the holder cannot recover interest upon the unpaid interest, which became due, at the stipulated annual periods of payment; and the reason assigned by the Courts is, substantially, that the holder of the note might have collected the interest at the end of each year, and not having done so, he shall suffer the loss of interest on such amount due, as a penalty for his neglect to enforce its payment.

In an action for rent unpaid when due, the lessor is entitled to recover interest. *Clark* v. *Barlow*, 4 Johns. 183. A note for money lent, made payable in a year, including the year's interest on the sum loaned, bears interest, *proprio vigore*, after its maturity, if it remain unpaid; but if the note be made for the sum loaned, payable in one year with interest, although, at its maturity, the interest is due as truly as the principal, and is as perfectly certain in its

Kittredge *v.* McLaughlin.

amount, yet if it remain unpaid, the holder cannot, in an action at law, recover interest for it; he neglected to collect it, or rather, his debtor neglected to pay it, as he promised, when it became due, and the collection of interest upon it is prohibited, by what the Courts have decided to be the law. It is difficult, if not impossible, to perceive any sensible reason why the creditor should incur a penalty for neglect in one case and not in the others; why it should attach to the interest and not to the principal, and to the rent, which is for the use of land, as interest is for the use of money; or why, if a sum of money be lawfully due to a person, and the debtor neglect to pay it, when it is due, and when he promised to pay it, he should be held liable to pay interest upon part of the sum due and not upon the whole, when both parts were equally due, and with equal justice, merely because the different parts were due for different considerations, equally lawful; yet such have been the decisions of the Courts at common law, in this State and generally. The question has been decided otherwise in New Hampshire. *Pierce & al.* v. *Brown*, 1 N. H. 179.

The common law is founded in reason, and has been said to be "the perfection of reason." Inst. 97, B. And its symmetry and all its analogies seem to require, that whenever an ascertained sum is to be paid at an ascertained time, it should bear interest from the stipulated time of payment, if not paid when due.

A consideration of the decisions upon this question, where it has been presented, in suits, by creditors, at common law, is important only, so far as it may aid the Court, in determining whether or not the principles of those decisions are so founded in reason as to justify an extension of their application to cases, in which the Court is not constrained, by authoritative precedents, to apply them. *Doe* v. *Warren*, 7 Greenl. 48, a leading case, was assumpsit, by the creditor, and the *point decided* was, that in an action at law, the plaintiff could not recover interest upon interest. The case at bar presents a very different question. The defendant, the

holder of the notes, is not seeking to collect them, but the plaintiff is seeking to redeem his land, and his process is in equity.

In an action at law, according to the decisions, the defendant could not recover interest upon interest. Nor can the holder of a note, barred by the statute of limitations, recover any thing upon it, but if he hold a mortgage of land to secure his payment, he can hold the land, and the mortgager can redeem it only by paying, or proving that he has paid the note. *Thayer* v. *Mann*, 19 Pick. 535; *Joy* v. *Adams*, 26 Maine, 330. The mortgager, or the person holding his right, cannot be equitably entitled to redeem without performing the condition of the mortgage. If by reason of the lapse of time and neglect on his part, he cannot do it, literally, it surely is not for him to complain that he should be required to do it substantially as he agreed. He should not be permitted to redeem upon terms easier for himself, and less beneficial to the mortgagee, than were stipulated in the condition of his deed. To allow him to do so would be manifestly inequitable and unjust. To permit the mortgager in this case, to redeem by paying the principal and merely simple interest thereon, would be allowing him a reward for violating his contract. It would be presenting an inducement to mortgagers to take the benefit of the three years statute right of redemption in all cases, as matter of economy, in regard to the interest, which in a large mortgage would be an important consideration. As was said by Lord MANSFIELD, in *Robinson* v. *Bland*, 2 Burr. 1088, "where the sum is large, the debtor may gain by protracting the cause in the most expensive and vexatious manner, and the more the creditor is injured the less he is relieved."

"He who demands equity must give equity." And the plaintiff is not equitably entitled to redeem without paying the notes due, with interest to be reckoned precisely according to their tenor, and as was stipulated in the condition of his deed. The decisions upon this question have

been numerous, and they are confused and contradictory. A difference of opinion as to the law, as deduced from decided cases, not unfrequently occurs from the different circumstances, under which a question is presented; and in the application of legal principles to this question of the computation of interest, in the various modes and times in which it has been presented to the Courts, it would not be remarkable, that crude and ill considered decisions should have been, sometimes, regarded with too much veneration as precedents.

In *Waring* v. *Cunliffe,* 1 Vesey, jr., 99, the Chancellor said, "my opinion is in favor of interest upon interest, because I do not see any reason, if a man do not pay interest when he ought, why he should not pay interest for that also ; but I have found the Court in the constant habit of thinking the contrary, and I must overturn all the proceedings of the Court if I give it;" and he did not give it. If the decisions of the Court had been wrong, a better logic would have deduced the conclusion, that they should have been overruled and the error corrected and prevented for the future.

The fact that a wrong habit has been formed, is no better reason for its continuance in law or equity than in morals. If wrong decisions have been made, there is less evil in overruling them, than in following them as precedents. It is better to adhere to opinions sanctioned by principle and authority, than to yield our assent to those sustained by authorities alone against reason.

"A mortgagee of mortgage forfeited shall have interest for his interest." 2 Fonbl. b. 5, c. 1, § 4. Compound interest was allowed in *Barrell* v. *Joy,* 16 Mass. 227, in which case, PARKER, C. J., said " in suits for debts at common law, this mode of computation is rejected, because it is in some measure the fault of the creditor to suffer his debt to lie over, beyond the time of payment; the case of a trustee obliged to advance money upon property pledged for the security of his debt is different, and the Court of Chancery, in England, has allowed or disallowed compound

interest, according to the justice of each particular case." The true rule, applicable to the case at bar, was correctly stated in *Kennon* v. *Dickens*, Cam. & Har. 357, in which it was held, that in general, interest upon interest is not allowable, but when the sum is ascertained, and the annual payment forms a part of the contract, where it is so specific, that an action of debt may be sustained, and interest recovered by way of damages for the detention, and particularly, when the payment of the principal is postponed to a very distant period, upon the faith of a regular discharge of the interest, it ought to be allowed.

The case finds that the defendant was called on to render an account of the sum due, &c., and that he did so, accompanied by a written statement that he recognized no right in the plaintiff to redeem, but claimed that the right of redeeming belonged to himself alone, and on the same day the plaintiff tendered the sum of five hundred and twenty-five dollars, which was not received. The defendant rendered the account as requested. The tender was insufficient, being less than the sum due, as appears by the notes. The defendant, therefore, is not liable for costs. R. S., c. 125, § 16. The defendant claims costs, and would by the general rule in equity be entitled to them, if he had not in any manner presented impediments to a redemption. *Vroom* v. *Ditmas*, 4 Paige, 427; *Bourne* v. *Littlefield*, 29 Maine, 402. But he did present impediments by denying and resisting the plaintiff's right of redemption; hence he is not entitled to costs. The result is, that, in my opinion, the exceptions should be sustained; the master's report should be amended, by allowing compound, instead of simple interest on the notes, to be reckoned up to the time of payment, and that a decree should be entered accordingly, with no costs for either party.

See *Farwell* v. *Sturdivant*, vol. 37, p. 308.