Cowing v. Howard.

———◇———

COWING *vs.* HOWARD and others.

One who has received the rents and profits of land, not being entitled to them, as against a judgment creditor having an equitable right to the property, for the satisfaction of his debt, and to the rents and profits that they may be so applied, is chargeable, in accounting for the rents and profits, with *interest.*

Where one claiming to own property under a title which had been adjudged void as to the plaintiff, had kept the latter out of possession of his rights for many years, he, in the meantime enjoying the property, receiving a large amount of rents and profits, and using them in his business; *Held* that he should pay interest,

But the defendant was allowed a compensation, by way of commission, for receiving the rents and profits, as a trustee, although he was not a voluntary trustee, and the trust was not created by any written instrument. MARVIN, J. dissented.

APPEAL by the plaintiff from an order made at a special term overruling an exception to the report of a referee disallowing interest in taking the account. Also an appeal

by the defendant Howard from that part of the order overruling the exception to the report disallowing commissions to the defendant.

*John Ganson,* for the plaintiff.

*Wm. H. Green,* for the defendant Howard.

*By the Court,* MARVIN, J.   The order of reference, made June 20, 1865, was to ascertain and compute the rents, issues and profits of the lands and premises referred to in the judgment in this action, from and including the 5th day of December, 1856, and of the moneys and valuable things which the defendants in the action, or either of them, have collected or received, upon the obligations, contracts, leases or things in action, or any or either of them, referred to in the said judgment, since and including the 5th day of December, 1856.   The judgment fully authorized the directions in the reference.   There is no special direction touching interest, in the order of reference, nor was any necessary.   The referee was at liberty to allow interest as should be equitable and just, without any special direction for that purpose.   (1 *Barb. Ch. Pr.* 514.)

·· As a general rule, all trustees are chargeable with interest if they have used the money, or have been negligent in paying it over, or investing it, or loaning it so as to make it productive.   (*Dunscomb* v. *Dunscomb,* 1 *John. Ch. R.* 510. *Lewin on Trusts and Trustees,* 358.)   The principle applies to assignees in bankruptcy who neglect to pay a dividend to the creditors.   (*In re Hilliard,* 1 *Ves. Jun.* 89.)   It applies to the receiver of an estate who does not move the court in proper time to have the rents invested.   (*Lewin on Trusts, &c.* 359.   *See Tiff. & Bul. on Trusts,* 593, *et seq.*)

I do not understand that this principle is questioned, and my brother Daniels supposes the present case comes within some of the exceptions to the general rule.   He came to the

Cowing *v.* Howard.

conclusion that Howard claimed to be the actual owner of
the property out of which the rents and profits issued, as
against the plaintiff's judgment and all other persons, and
for that reason resisted the liability to which he has been
subjected, as far as that resistance could be legally carried.
That he made no confession or acknowledgment of a trust in
the property for the benefit of another. That he collected,
and received, and used the moneys entirely as his own, be-
lieving they were his, and there was no good reason to con-
clude that he acted in bad faith, &c. &c. Having come to
this conclusion touching the good faith and convictions of
the defendant, the learned justice remarks that neither mere
neglect to deposit the moneys, nor the fact of using them, is
sufficient, in and of itself, to charge the party with interest.
There must be superadded a breach of trust, or neglect or
refusal to invest the fund at the time, or in the mode, which
the trust instrument or the law itself has pointed out. *Ra-*
*palje* v. *Hall and others,* (1 *Sand. Ch.* 399,) is cited, and
some other cases. The remarks of a judge, in his opinion,
usually have reference to the case he is considering, and
they must be read in connection with the case. The case in
*Sandford,* in brief, was: The will directed the guardians
(appointed in the will) to put at interest, on security on real
property, the income of the children, not necessary for their
education, &c. The yearly balances in the hands of the
guardians ranged from about $200 to nearly $700. The
guardian, into whose hands the annual income came, was a
merchant; he kept no separate account at the bank. The
evidence showed that it was difficult to loan small sums on
bonds and mortgages, and that there was a scarcity of appli-
cants for such loans. The vice chancellor remarks, there
was but one mode of investment authorized by the will, and
that the cash balances were so small that proper investments
in that mode were not often offered; and that there was no
evidence that any suitable investment on the security of real
estate was ever brought to his notice; or that he had ever

declined to make a loan on bond and mortgage. It was held that the guardian was not to pay interest solely for the reason that he deposited the trust moneys with his own ; nor because he made use of them more or less in his own business ; that there must be superadded a breach of trust—a neglect or re- fusal to invest the fund at the time, or in the mode, which the trust instrument, or the law itself, has pointed out. He added, in the case where the trustee has made use of the funds ; but no such breach of trust is shown ; he may be charged with interest, if it be proved that he has made interest. No such thing is established here, and the claim for interest rests, therefore, *upon the omission to invest the surplus.* The vice chancellor did decree that the guardian should pay interest on the accumulated balances from the time they commenced, to about $1000. . I submit that this case has no application to the case we are considering—or rather, that it is not authority against charging Howard with interest. In *Bruere* v. *Pemberton,* (12 *Ves.* 386,) Lushington was one of the executors. He had money in his hands which he supposed he had a right to retain for commissions. His claim was disallowed on the ground that he had made no charge for commissions during the life of the testator. The lord chan- cellor remarked that it was clear that he would have been entitled to commissions, and the claim was disallowed because he had not charged them in his accounts from time to time ; that until the judgment was given against him, as executor, he might conceive that he was in the common case entitled to it. He made no profit on the money, and he was excused from paying interest. The case is peculiar. The lord chan- cellor says the claim was just, but he could not avail himself of it because he had not made the charge in the lifetime of the testator. He had made no profits, and he was held not to be liable for a *breach of trust* in neglecting to invest the fund.

If Howard is to be regarded and treated as a trustee, in my opinion he can not relieve himself from the payment of

Cowing *v.* Howard.

interest. The proof shows that he received the money and treated it as his own, using it in his business. He kept a general bank account, and made no distinction between the money received from or on account of the property which, it had been adjudged, was liable for the payment of the plaintiff's judgments against Joy & Webster. Howard was not a trustee under any instrument containing a trust, or in consequence of occupying any fiduciary relation, as executor, or guardian, to the plaintiff. But the law adjudged that he was not a *bona fide* owner of the property, as against the plaintiff, a judgment creditor of Joy & Webster, whose title the defendant claimed to have ; and the law regarded him as holding the property in trust for the plaintiff. The plaintiff had, by virtue of his judgments and his action, an equitable lien upon the property for the satisfaction of his judgment debts against Joy & Webster. Howard resisted the claim of the plaintiff and enjoyed the rents, income and profits of the property for years — property to which the plaintiff was entitled, for the satisfaction of his judgment, at the time he commenced this action. Why should not Howard account for all that he has realized out of the property ? Shall he be permitted to make a profit by keeping the plaintiff, for years, out of his rights ? Is it a valid defense to this claim for interest, assuming that he made interest upon the moneys received by him, that he litigated the question of title in good faith, and he honestly believed that his title to the property was valid ? In my opinion, good faith and honest convictions have nothing to do with the rights of the parties, upon this accounting. The plaintiff is entitled to all that the defendant has made out of the property, or he is not so entitled. This is the broad principle. I do not think the defendant would be liable, as a trustee would be, for a breach of trust in neglecting to invest the trust funds. Perhaps no active duty was imposed upon him, touching the rents and profits received by him. But if he used them, he used property not his ; if he invested the money and got interest, he realized

profits not his, but which, in equity, the plaintiff was enti-
tled to.    It is, I think, entirely clear, upon authority, that had
the rents in question come into the hands of the defendant
as a trustee, lawfully, he would have been chargeable with
interest, under the evidence.    (*Raphael* v. *Boehm,* 11 *Ves.*
92.    6 *John. Ch.* 1, 17.    11 *Paige,* 520.    1 *Hopk. Ch,* 128.
32 *Barb.* 587.)    A mortgagee in possession, whose debt
draws interest, is required to credit the rents when received,
to be applied in payment of interest and also of principal,
if the rents paid, at any time, exceed the interest.    (*Story*
v. *Livingston,* 13 *Pet.* 372, *et seq.*)    The landlord, in an
action to recover rent, is entitled to interest; so if the rent is
payable in wheat and services.    (*Sedgwick on Damages,*
381, 382.    *Clark* v. *Barlow,* 4 *John.* 183.    *Van Rensselaer*
v. *Jewett,* 5 *Denio,* 136.    2 *Comst.* 135.    *Van Rensselaer* v.
*Jones,* 2 *Barb.* 643.)

Interest upon the value of property converted is recover-
able as a matter of right.    (*Dana* v. *Fiedler,* 2 *Kern.* 40.)
In an action for mesne profits, interest is allowable.    (*Jack-
son* v. *Wood,* 24 *Wend.* 443.)    And in New York, where
rents are payable quarterly, the interest was added to the
rents quarterly.    (*Ibid.*)    It seems to me that by analogy
to these cases, Howard should be charged with interest.
He has prevented the plaintiff from availing himself of his
right to the property for the satisfaction of his debt, and he
in the meantime has received and used the rents and profits.

The *cestui que trust* may follow the estate in the hands of
one who paid nothing, whether he had notice of the trust or
not ; and also in the hands of a purchaser paying full value
with notice of the trust.    (*Lewin on Trusts, &c.* 724.)
This rule applies to any purchaser with notice of any equi-
table incumbrance, as of a covenant or agreement affecting
the estate, or a lien for purchase money.    (*Id.* 725.)    The
estate is recoverable in a court of equity, and an account
is directed against the defendant for the *mesne rents and
profits,* generally from the commencement of the plaintiff's

Cowing *v*. Howard.

title ; though in some cases, by analogy to the statute of limitations, the accounting is 'limited to six years, and in others, when the plaintiff has been guilty of laches, the accounting is restricted to the time of filing the bill. (*Lewin on Trusts, &c.* 751, 752.)

If the defendant was a *bona fide* possessor, that is, if he had no notice of the plaintiff's title expressly given him, and had no deeds or writing in his custody which showed the title of the plaintiff, or any stranger, in such case the account of the *mesne* rents and profits will be restricted to the filing of the bill. (*Ibid.*) The author says : "the assignee who has had the perception of the rents and profits will, in the first instance, account for them ; not however with interest ;" citing *Macartney* v. *Blackwood*, (*Ridg., Lapp. & Sch.* 602,) a book not now accessible. (*See also* 1 *Story's Eq.*, "*Accounts, rents and profits,*" § 507, et seq.)

These authorities show that the *cestui que trust* may recover the estate in equity, and that the defendant is liable to account for the mesne rents and profits. And as, in this state, interest is recoverable in an action for rent, and also in an action for the *mesne* rents and profits, it follows, I think, from clear analogy, that one who has received the rents and profits, not being entitled to them, as against a creditor having an equitable right to the property, for the satisfaction of his debt and an equitable right to the rents and profits to be so applied, is chargeable, in accounting for the rents and profits, with interest.

It has been adjudged that Howard's title was void as to the plaintiff. He kept the plaintiff out of possession of his rights for many years ; he enjoyed the property, and received a large amount of rents and profits, and used them in his business ; he should, I think, pay interest.

I think the claim of the defendant Howard for the allowance of commissions was not well founded, and that the referee was right in disallowing it ; and the special term was right in overruling the exception to this decision of the ref-

eree. I know of no law justifying such claim. If How-
ard is to be regarded as a trustee, it is simply because he had
clothed himself with the legal title to the property, which,
in equity, belonged to the plaintiff, for the purpose of satis-
fying his judgments against Joy & Webster. Howard is to
be regarded as a trustee by operation of law. He was not a
voluntary trustee ; the trust was not created by any written
instrument. On the contrary, equity has asserted a right to
the property in the plaintiff for a certain purpose, and has
fastened upon it a trust in the defendant's hands, against his
will. He is adjudged not to be entitled to the property. He
has been all along a wrongdoer, in obstructing the rights of
the plaintiff, and I know of no rule by which he can be allow-
ed commissions. By the English rule trustees are allowed
nothing beyond the expenses and disbursements, unless the
instrument creating the trust makes some provision for com-
pensation.

The English rule prevailed in this state until the act of
1817, making it lawful for the Court of Chancery, in the set-
tlement of the accounts of *guardians, executors and admin-
istrators,* to make a reasonable allowance for their services,
over and above their expenses. When the rate of allowance
was settled by the court, it was to be followed in all subse-
quent cases of settlement of such accounts. The chancellor
held that the equity of the statute extended to a committee
of a lunatic. (*In re Roberts,* 3 *John. Ch.* 43.) The Re-
vised Statutes (*vol.* 2, *p.* 98,) provided for commissions to
executors and andministrators, and fixed the amounts.
Guardians are entitled to the like commissions. (2 *R. S.*
153, § 51.) In *Meacham* v. *Sternes,* (9 *Paige,* 398,) Chan-
cellor Walworth extended the equity of those statutes to
an assignee for the benefit of creditors. He says that it
may be considered the settled rule, that in all cases of trusts
of this description, and other express trusts of a similar
nature, when nothing is said in the deed or instrument cre-
ating the trust, on the subject of compensation to the trustee,

Cowing *v.* Howard.

for his personal services in the execution of the trust, and when there is no agreement on the subject for a different allowance, that the trustee, upon the setlement of his accounts, will be allowed the same fixed compensation for his services, by way of commissions, as are allowed by law to executors and guardians, and to be computed in the same way. This is now the settled law in this state. It relates to trustees who become such by accepting the trust, and acting under it. It has no application to one who claims the property as his own, denying any trust and setting the equitable owner at defiance. The analogy between a defendant in ejectment, against whom a recovery is had, and who is liable for the *mesne* rents and profits, and Howard, is quite marked. There has been a recovery, in a court of equity, against Howard. It has never been suggested, that I am aware, that a defendant sued for mesne profits can be allowed a compensation, by way of commissions, for collecting the rents received by him ; and yet, in this action for *mesne* profits, the amount to be recovered is regulated upon equitable principles ; the defendant may abate from the rents and profits certain sums expended by him, as for permanent improvements, made in good faith. Howard has been allowed all proper charges, upon a like principle. He can not, in my opinion, be allowed commissions.

I think that part of the order of the special term appealed from by the plaintiff, which disallowed the exception to the report of the referee refusing to charge Howard with interest, should be reversed ; and that part of the order, appealed from by the defendant, overruling the exception to the decision of the referee disallowing to Howard compensation, by way of commissions, should be affirmed.

My brethren are, however, of the opinion, in this case, that interest and commissions should be allowed. And such was the decision of the court, MARVIN, J. dissenting as to commissions.

[ERIE GENERAL TERM, September 3, 1866. *Grover, Daniels* and *Marvin,* Justices.]