JOAB L. CLIFT, as Surviving Partner, etc., Respondent, *v.* MARY E. MOSES and Others, Appellants.

75 517
6ap221
75 517
151a 628
75 517
29ap125
75h 517
70 AD 108

*Creditor's action — fraudulent transfer of property allowed to stand as security for the actual debt — absence of a finding of fraud — reference to take an account — interest — when allowed on unliquidated items — how computed.*

In an action brought by a judgment creditor to set aside, as fraudulent, a transfer of property made by the judgment debtor to his wife, the trial court found, upon sufficient evidence, that such transfer, made in settlement of his wife's claim against him, was made with fraudulent intent on the part of the assignor, and it refused to find that the wife accepted and received the property without any intent to defraud the creditors of her husband.

It was claimed upon the trial that the transfer of property, worth $22,500, was made in payment of an indebtedness of some $23,000, then claimed to be owing by the husband to the wife. The evidence failed to establish an indebtedness to the extent claimed by the defendants, but warranted the conclusion of the trial judge that the indebtedness at that time was but $12,157.18.

*Held*, that, under the circumstances, the trial court was authorized, in the exercise of its equity jurisdiction, to permit the transfers to stand as security for the indebtedness actually existing in favor of the transferee;

That the plaintiff was entitled to relief, although there was no affirmative finding of fraud or fraudulent intent on the part of such transferee;

That it was proper, by such judgment, to appoint a receiver and to order an accounting before a referee, and to move for a further judgment upon the coming in of the report of such referee.

Although upon an account taken in such an action between the judgment debtor and his wife some of the items were unliquidated, it must be assumed that the parties, at the time of the transfer of property from the husband to the wife, so far adjusted the claims and attempted to pay the indebtedness by such transfer that from such time the creditor was entitled to interest upon the balance ascertained.

It is in accordance with well-established precedents for a trial judge to direct a referee, in stating the account between two parties, to take into consideration interest on the items.

Where a referee was directed by an interlocutory judgment to state an account between two parties, and to take into consideration interest on the items, the referee should state the account upon the principle of partial payments, notwithstanding the fact that a computation of interest under "the merchant's rule" is not usurious and may be adopted by parties who agree thereto.

APPEAL by the defendants, Mary E. Moses and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 9th day of December, 1892, confirming the report of a referee, with notice of an intention to bring up for review upon such appeal the interlocutory judgment entered in said clerk's office on the 30th day of October, 1891, adjudging that certain transfers of real and personal property made by Lucien Moses to Mary E. Moses were fraudulent and void.

June 18, 1880, plaintiff brought an action against Lucien Moses and another on certain promissory notes made by Moses and Dodge and recovered a judgment thereon which was affirmed by the Court of Appeals. (See *Clift* v. *Moses*, 112 N. Y. 426.) Executions were issued upon the judgment and returned wholly unsatisfied, and this creditor's action was commenced to set aside the transfers of certain real and personal property made by Moses on the 2d of September, 1880, to his wife, the complaint alleging that the transfers were fraudulent. The answer denies the allegations of fraud, and sets up that the transfers and conveyances were made in liquidation of an indebtedness on the part of the husband to the wife which was carried into a settlement and adjusted simultaneously with the execution of the conveyance and transfers to the wife. The issues were brought to trial at Special Term, and the court found that the

transfers of property by Lucien Moses to his wife were made with intent to defraud his creditors, and refused to find that the transfers were accepted by the defendant Mary E. Moses without any intent to defraud the creditors of Lucien Moses. The court found that when the transfers were made in September, 1880, he was only indebted to her in the sum of $12,157.18, and allowed the defendant Mary E. Moses to hold the property transferred as security for the debt of her husband to that extent, and ordered an accounting before a referee. The deeds of the real estate were not recorded until after the verdict was recovered in the action upon the notes which evidenced the indebtedness of Moses and Dodge to the plaintiff. This action was brought in the fall of 1884, and was brought to a trial in 1890, and Mary E. Moses had disposed of a large amount of the property which was transferred to her, and had received on account of the property so transferred rents, profits and income. The referee found, after stating the account, that the defendant Mary E. Moses had received from the property transferred and disposed of by her, and from the rents, profits and income thereof, $518.70 more than sufficient to pay the indebtedness of $12,157.18, and the interest thereon from September 2, 1880, and that there was real estate and personal property so transferred to her remaining undisposed of. Exceptions were filed to the referee's report, and, after hearing the parties, the court overruled the exceptions and ordered judgment in accordance with the findings of the referee.

*Jenney, Brooks, Marshall & Ruger*, for the appellants.

*Kennedy, Tracy, Mills & Ayling*, for the respondent.

HARDIN, P. J.:

Upon sufficient evidence the trial court has found that the transfers made on the 2d day of September, 1880, by Lucien Moses, the judgment debtor, to his wife, Mary E. Moses, in settlement of her claims against her husband, were with a fraudulent intent on the part of the husband. And he has refused to find that the wife accepted and received the property without any intent to defraud his creditors. It was claimed upon the trial that the transfers of property worth $22,500 were made for the payment of an indebtedness of some $23,000, then claimed to be owing by the husband to

the wife. The evidence failed to establish such an indebtedness to the extent claimed by the defendants; on the contrary, the evidence warranted the conclusion of the trial judge that the indebtedness at that time was only $12,157.18. It, therefore, appears that the transfers were not made for a full, adequate and sufficient consideration. The circumstances disclosed by the evidence in the case induced the court, in the exercise of its equity jurisdiction, to permit the transfers to stand as security for the indebtedness actually existing in favor of the transferee. The relief thus granted was in accordance with the rule laid down by Chancellor KENT in *Boyd* v. *Dunlap* (1 Johns. Ch. 478), which was approved and followed in *Friedman* v. *Hirsch* (18 N. Y. Supp. 85).

In *Clements* v. *Moore* (6 Wall. 312) SWAYNE, J., said, in speaking of a somewhat similar case : " The equity appealed to — while it scans the transaction with the severest scrutiny — looks at all the facts, and, giving to each one its due weight, deals with the subject before it according to its own ideas of right and justice ; * * * it allows a security to stand for the amount advanced upon it." The doctrine is stated and applied in *Bigelow* v. *Ayrault* (46 Barb. 143), and is recognized in *Van Wyck* v. *Baker* (16 Hun, 169); *Pond* v. *Comstock* (20 id. 493).

We are not willing to assent to the contention of the appellant that, in the absence of an affirmative finding of fraud or fraudulent intent on the part of Mary E. Moses, the plaintiff is entitled to no relief.

*Dudley* v. *Danforth* (61 N. Y. 626) was an action at law and upon an entirely different state of facts, and there was a finding in that case " that the purchase and sale was made in good faith for the purpose of paying to plaintiffs an honest debt owed by Edget to them."

*Parker* v. *Conner* (93 N. Y. 118) was an action at law and there was evidence tending to prove that the plaintiff paid " a valuable and adequate consideration for the chattels in question."

In *Murphy* v. *Briggs* (89 N. Y. 447) the mortgage which was allowed to remain was shown to be for a valid indebtedness, " and there was no ground for claiming that such transfer was invalid," as to the attacking creditor.

(2) It is insisted in behalf of the appellants that Lucien Moses, the husband, was primarily liable to support and maintain his wife,

and that she was not, in law, bound to bear the burden of her maintenance or the living expenses incurred by either of them out of her separate property; and our attention is called to *Hendricks* v. *Isaacs* (117 N. Y. 411); *Maxon* v. *Scott* (55 id. 247); *Hallock* v. *Bacon* (45 N. Y. St. Repr. 484); *Winkler* v. *Schlager* (64 Hun, 83), which cases recognize the obligation of a husband to support and maintain his wife. It is also contended by the appellant that a preexisting indebtedness furnishes a proper foundation for the transfer of property, and he calls our attention to *Murphy* v. *Briggs* (89 N. Y. 446); *Seymour* v. *Wilson* (19 id. 421); *Pond* v. *Comstock* (20 Hun, 492; S. C. affd., 87 N. Y. 627); *Bank* v. *Fitch* (48 Barb. 344). And he also calls our attention to *Hale* v. *Stewart* (7 Hun, 591) where a conveyance was upheld to a creditor by his debtor to secure a *bona fide* debt, although the debtor was left with no other property from which another creditor could enforce payment of a debt; and to *Carpenter* v. *Muren* (42 Barb. 300) to the same effect; and the same doctrine stated by this court in *Bishop* v. *Stebbins* (41 Hun, 247); and to *Syracuse Chilled Plow Co.* v. *Wing* (85 N. Y. 421), where it was held that money received by the husband at a time when he could have claimed it *jure mariti* furnished a foundation for a conveyance to his wife, and insists that the whole of the claims included in the settlement of 1880 should be allowed. In speaking of some of the items charged in the account which were rejected in the thirteenth finding of fact the court says: "That all of these moneys are claimed to have been paid out, but the parties are unable to give any definite account of the way they were disposed of. That they were used in part for living expenses and in part for the benefit of the separate estate of the wife, but no credit was given to the husband for such expenditures for the benefit of said separate estate." It is further found "that there was no understanding or expectation that the husband should ever account for or pay over to the wife, the said amounts of interest and rents mentioned in the last finding, so received and expended, or that the same should ever constitute an indebtedness between them, and the same and the interest thereon was improperly included in said account. That the payments made on account of the wife's separate property mentioned in the last finding equal the small items for property sold, and the latter was not properly included in the

account." The evidence warranted the finding on the part of the court that the moneys received by the husband from the wife from her income were expended with her knowledge and consent to defray the expenses and maintenance of the two; and in eliminating the moneys derived from her from the settlement of September 2, 1880. (*Hendricks* v. *Isaacs*, 117 N. Y. 411; *Smith* v. *Smith*, 125 id. 229; *Patterson* v. *Hill*, 61 Iowa, 534; *Gleghorne* v. *Gleghorne*, 118 Penn. St. 383; *Hinney* v. *Phillips*, 50 id. 382; *Clark* v. *Rosenkrans*, 4 Stew. [N. J. Eq.] 665; *Edelen* v. *Edelen*, 11 Md. 415; *Johnston* v. *Johnston's Admr.*, 31 Penn. St. 450.)

We think the evidence before the trial court fully warranted the conclusion reached by it in cutting down the claims of Mary E. Moses to the sum of $12,157.18, as stated in the findings of the court, and that "said conveyances and transfers of real and personal property and cash made and executed by said defendant Lucien Moses, to said defendant Mary E. Moses, on and about September 2, 1880 * * * were, and each of them is, fraudulent and void as against the plaintiff and his said judgment and claims and should be vacated and set aside;" and in finding also, as a matter of law "that the defendant Mary E. Moses is entitled to hold said deed and conveyances of real estate and transfers of personal property and cash, as security only for the said indebtedness existing from said Lucien Moses to her at the time thereof, to wit, $12,157.18, and interest thereon from Sept. 2, 1880, less any sums found due from her upon the accounting herein," and that it was proper to appoint a receiver and to order an accounting before a referee, and to move for a further judgment upon the coming in of the report of the referee. (*Coleman* v. *Burr*, 25 Hun, 239; S. C. affd., 93 N. Y. 18; *Remington Paper Co.* v. *O'Dougherty*, 36 Hun, 86.)

In *Third National Bank* v. *Guenther* (123 N. Y. 568) in considering an agreement made by a wife to support the family, it was said by the court that " she has the right to perform it, and having done so, she could not undo what had been done by recalling what she has paid or requiring the husband to reimburse her."

(3) Although some of the items which were allowed and included in the balance ascertained by the trial court and stated at $12,157.18, were unliquidated, it must be assumed that the parties at that time so far adjusted the claims, and attempted to pay the indebtedness to

the wife by the transfers, that from the time of the transfer she was entitled to interest upon the balance as thus ascertained. (*Robinson* v. *Stewart*, 10 N. Y. 189.)

(4) It was in accordance with well-established precedents for the trial judge to direct the referee in stating the accounts of the parties to take into consideration interest on the items. In *Butler* v. *Stoddard* (7 Paige, 163) the chancellor in ordering a reference to the master in a case somewhat analogous to this, directed him to allow "interest as shall be just." That case was affirmed by the Court of Errors (20 Wend. 509), and is referred to approvingly by Judge DENIO in *Robinson* v. *Stewart* (*supra*).

Appellants complain of the mode of computation of interest adopted by the referee, which was the mode prevailing among merchants charging and crediting interest on the items on either side under the rule denominated "The Merchants Rule" which is stated in *Stoughton* v. *Lynch* (2 Johns. Ch. 209).

In *Hart* v. *Dewey* (2 Paige, 207) it is said that the mercantile mode of computation in cases of running accounts is the more convenient mode, and that it is not usurious and may be adopted by parties who agree thereto. In the case before us there is no agreement of the parties upon which the mercantile mode adopted by the referee can rest. The referee was requested in stating the account to do so "upon the principle of partial payments," and an exception was taken to his refusal. It seems reasonable that Mrs. Moses should, upon the $12,157.18, receive interest computed under the partial payment rule (see *Connecticut* v. *Jackson*, 1 Johns. Ch. 16); and that she should be allowed interest upon the sums expended for taxes, necessary repairs and the items with which she is credited in the report. (*Peyser* v. *Myers*, 18 N. Y. Supp. 744, and cases cited.)

In *Mann* v. *Lawrence* (3 Bradf. 424) it was held proper to credit an executor with interest on sums expended out of his own money to discharge claims for the benefit of the estate held by him. This rule seems to us equitable and just; and that when Mrs. Moses received moneys from the estate she should be permitted to take therefrom the expenditures made by her, with proper allowance of interest, and the balance of the sum received by her should be applied in extinguishment of the indebtedness held by her (*Cow-*

*ing* v. *Howard,* 46 Barb. 584); and if the receipt and payment took place at the same time " one sum should be allowed to compensate the other as far as it goes." (*Morton & Ludlow* v. *Western,* 5 Paige, 519.)

The interlocutory decree should contain a provision directing the accounting and allowance of interest upon the rule relating to partial payments.

The interlocutory judgment must be modified so that it shall contain such a provision.

MARTIN and MERWIN, JJ., concurred.

Interlocutory judgment modified, as stated in the opinion, and, as so modified, affirmed.

Order confirming the report of the referee and final judgment reversed, with costs of the appeal to the appellant payable out of the fund, and report sent back to the referee to amend after computing interest under the rule as to partial payments.