C. O. TOWNSEND, as Receiver in Supplementary Proceedings of the Property of HARRY BUMPUS, Appellant, *v.* SARAH E. BUMPUS, Respondent, Impleaded with HARRY BUMPUS.

*Fraudulent conveyance — effect of a provision for the support of the grantor.*

A father, who was indebted to his daughter for services in remaining in the family and taking care of him and his wife under an agreement on his part to pay for such services, conveyed to her a farm in consideration thereof.

The deed of the farm, prior to its execution, was read over to the daughter, but before executing it the grantor went into another room with the scrivener, where, in the absence of the daughter, the following provision was inserted in the deed: "The party of the second part hereby covenants and agrees to support and maintain the party of the first so long as he lives as a part of the consideration of this transfer," which provision became known to the grantee within a month after the delivery of the deed. She made no attempt to have the deed reformed, but, on the contrary, continued to live upon the farm and to furnish her father with the support and maintenance which was provided for by such clause in the deed.

*Held*, that in the absence of a satisfactory explanation, such action on the part of the daughter must be regarded as an adoption by her of the objectionable clause which placed her in practically the same attitude she would have occupied had she accepted the deed with full knowledge of its contents.

HARDIN, P. J., and WARD, J., dissented.

APPEAL by the plaintiff, C. O. Townsend, as receiver, etc., of Harry Bumpus, from a judgment of the Supreme Court in favor of the defendant Sarah E. Bumpus, entered in the office of the clerk of the county of Seneca on the 1st day of June, 1897, upon the decision of the court rendered after a trial at the Seneca Special Term dismissing the complaint upon the merits.

*John A. Milne*, for the appellant.

*J. N. Hammond*, for the respondent.

ADAMS, J. :

This is an action brought in behalf of a judgment creditor of the defendant Harry Bumpus, to set aside as fraudulent a deed of a farm situate in the town of Romulus, Seneca county, and also a bill of sale of certain personal property, both of which were executed by the judgment debtor to his daughter, the defendant Sarah E. Bumpus.

The farm consisted of 106 acres; its value was from thirty to forty dollars per acre, and it was conveyed subject to a mortgage of $2,500, upon which a small amount of interest had accumulated.

The evidence tends to show that, several years prior to the date of the conveyance, the father told his daughter that, if she would remain in the family and take care of him and his wife, he would see that she was paid for her services; that she did remain at home and performed such household duties and other labor as were required of her; that the same were of the value of $1.50 per week, and that, at the time of the transfer, they amounted in the aggregate to the sum of $1,669.50, which constituted the consideration for the conveyance of the farm. It also appeared that, some four or five years previous to this time, the father had given a note to his daughter upon which the sum of $135.93 was found to be due ; and this, together with a note of $64.07 which was executed and delivered by the daughter to the father, made up the consideration for

the bill of sale by him to her of all his personal property, the value of which it was agreed between them was $200.

The learned trial court found that the allegations of fraudulent intent upon the part of the daughter were not established, and that she paid a full consideration for the property transferred to her.

The evidence which is relied upon to support this finding is not altogether satisfactory, especially in view of the fact that the note given by the father to his daughter is *prima facie* evidence of a settlement between them at the time of its execution. But we should, nevertheless, be inclined to accept the finding as conclusive and to affirm the judgment, if it were not for an additional fact as to which there is no dispute.

It seems that the deed of the farm contained the following covenant, viz. : " The party of the second part hereby covenants and agrees to support and maintain the party of the first so long as he lives as a part of the consideration of this transfer."

This clearly is a provision which was designed to create a trust for the benefit of the grantor, and if so then the deed was, upon its face, fraudulent and void as to his creditors, even though a portion of the consideration therefor was valid. (2 R. S. 135, § 1; *Kain* v. *Larkin*, 4 App. Div. 209.)

We do not understand that this proposition is controverted by the respondent, but it is contended that the reservation for the benefit of the father was inserted in the deed without her knowledge or consent, and that the same was so inserted contrary to the actual agreement and understanding between the parties. The evidence does tend to show that prior to the execution of the deed it was read over to the grantee ; that thereupon the grantor, who was quite deaf, went into another room with the scrivener where the deed was again read over in the absence of his daughter, and at the suggestion of the grantor the obnoxious provision was then added ; whereupon the deed was executed and delivered to the respondent without her attention being directed to the additional clause which had been inserted.

It also appears, and this fact was testified to by the respondent, that she became aware of the existence of this provision in the deed within a month after its delivery ; that she was then informed of its effect upon the transfer, and that notwithstanding the informa-

tion thus furnished her, she made no attempt to have the deed reformed ; nor did she repudiate the obnoxious provision, but, on the contrary, she continued to live upon the farm, and to furnish her father with the support and maintenance which he had been careful to reserve to himself. This, it seems to us, must, in the absence of a satisfactory explanation, be regarded as an adoption by the respondent of the objectionable clause, which places her in practically the same attitude she would occupy had she accepted the deed with full knowledge of its contents. For this reason we think the judgment must be reversed and a new trial had.

All concurred, except HARDIN, P. J., and WARD, J., dissenting.

HARDIN, P. J. (dissenting):

According to the evidence the farm was subject to a mortgage of $2,500, and was purchased by the daughter, subject to the mortgage in settlement of her claim of some $1,600 against her father, without any intent to defraud his creditors. The insertion in the deed of the clause as to the support of the father was no part of the actual consideration or agreement upon the part of the daughter. Under such circumstances, if she is required to account for any excess of value of the property purchased above her debt, equity will be satisfied. (*Clift* v. *Moses*, 75 Hun, 517 ; affd., 151 N. Y. 628, on opinion reported in 75 Hun, 517.) I, therefore, do not favor a reversal, but a modification of the judgment of the Special Term.

WARD, J., concurred.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.