## SUPREME COURT.

WILSON H. WOODRUFF, administrator with the will annexed, of the goods, chattels and credits of JOHN WOODRUFF, deceased agt. SIMEON COOK.

Under § 317 of the Code, (which repeals § 17, *tit.* 1, *ch.* 10, *part* 3, 2 *R.* S. 615, on the same subject,) if an *executor* or *administrator* fails in an action prosecuted by him in his representative capacity, the defendant recovers costs as matter of course, to be collected out of the estate represented; but he cannot enter judgment for costs against the plaintiff *personally*, unless the *court* directs the same to be paid by the plaintiff personally, " for mismanagement or bad faith in such action."

There must now be a direction of the court to authorize a defendant to enter judgment for costs against an executor or administrator *personally*, in an action not *necessarily* prosecuted in the right of his testator or intestate. (*See* 12 *How.* 305.)

In an action by an executor to recover the possession of personal property belonging to the testator, where the alleged cause of action arose when the defendant refused to give the property on the demand of the plaintiff; *held*, that such a case is not necessarily prosecuted by the plaintiff in his representative character. On the contrary, executors and administrators should sue in their own right in such case.

They should never sue in their representative character, *only* where the testator or intestate had a *complete cause of action in his lifetime*

*Tompkins General Term, October, 1857.*

*Present,* GRAY, MASON *and* BALCOM, *Justices.*

APPEAL from an order made at the Chenango special term, in January, 1857, denying the plaintiff's motion to set aside the judgment against him personally for costs, with $10 costs of the motion.

The complaint in the action was as follows, to wit :—" The plaintiff, as administrator with the will annexed, of all and singular the goods, chattels and credits, which were of John Woodruff, deceased, late of the town of Middlefield, in said county, complains that the said deceased, previous to and at the time of his death, owned and was in possession of a certain gray mare of great value, which he, the said deceased, had

VOL. XIV.           31

raised ; and being such owner and in possession thereof on or about the 7th day of February, 1856, died ; and afterwards the surrogate of said county, on the 21st day of July, 1856, duly granted and issued letters of administration with the will annexed, of the goods, chattels and credits of said John Woodruff, deceased, to the plaintiff, whereby the plaintiff, *as such administrator*, became the owner and entitled to the possession of the goods and chattels of said deceased; and on the 7th day of August, 1856, the plaintiff, as such administrator, demanded of the defendant the possession of said mare, she then being in his possession, but the defendant refused to deliver the same to the plaintiff, and the defendant wrongfully detains the said mare from the plaintiff, which mare is of the value of about one hundred and thirty dollars ; to the great damage of the plaintiff.

" Wherefore, the plaintiff demands judgment, *as administrator*, as aforesaid, that he recover the possession of said gray mare, and his damages for the detention thereof to the amount of fifty dollars, with the costs of this action ; and that the defendant deliver the said gray mare to the plaintiff, and pay the plaintiff his said damages for the detention thereof, with the costs of this action ; and that the said gray mare may be forthwith delivered to the plaintiff, or for such further or other relief as may be just and proper."

The answer was as follows, viz :—" The defendant in the above entitled action, answers the complaint of the plaintiff in this action, and shows to this court :

" *First.* He denies that John Woodruff, *at the time* of his death owned, or that he was in possession of a certain gray mare, or of any gray mare.

" *Second.* The defendant, upon his information and belief, denies that the surrogate of said county of Otsego, on the 21st day of July, 1856, or at any other time, duly granted and issued letters of administration with the will annexed, of the goods, chattels and credits of said John Woodruff, deceased, to the plaintiff in this action ; and he denies that the plaintiff, *as such administrator*, or otherwise, became the owner or enti-

tled to the possession of the goods and chattels of the said deceased ; and the defendant denies that he *wrongfully* detains, or that he has wrongfully detained, the said mare or any other mare from the plaintiff.

*Third.* The defendant further answering the said complaint of the plaintiff in this action, shows to this court, that the said gray mare mentioned in the said complaint, at the time of the commencement of this action, and for a long time prior thereto, was the property of the defendant, *that the defendant purchased the said gray mare of the said John Woodruff, now deceased, in the month of November, in the year* 1854, at the town of Middlefield, in Otsego county, and the defendant *then and there paid to the said John Woodruff, for the said mare, in money, the sum of sixty-one dollars, that being the purchase price of the said mare, as then and there agreed upon between the defendant and the said John Woodruff.*

" Wherefore, the defendant demands judgment against the plaintiff, for the return of the said gray mare or the value thereof, together with his damages and costs."

The action was tried at the Otsego circuit, in December, 1856, when the defendant obtained a verdict, and the jury assessed the value of the mare in question at $150, and the defendant's damages for the taking and detention thereof from the defendant by the plaintiff, upon papers in the action, at $10.

The defendant's attorneys thereupon entered the following judgment in the action against the plaintiff, to wit :—" This action being at issue, and having been tried on the issue of fact before the Hon. CHARLES MASON, a justice of this court, and a jury, on the 17th day of December, 1856, and the verdict of the jury having been entered, whereby they find the title of the property described in the complaint to be in the defendant, and that the jury have assessed the value of the personal property described in the complaint, at the sum of one hundred and fifty dollars, and the damages for the detention thereof at ten dollars, and it being made to appear to the court now here that the personal property described in the complaint, to wit, one · gray mare, has been delivered to the plaintiff: now, on motion

of Bates and Countryman, attorneys for the defendant, it is adjudged that the defendant recover possession of the personal property described in the complaint, viz., one gray mare, and that the same be returned to him, or in case a return and delivery thereof cannot be had, then that the said defendant recover of the plaintiff the said sum of one hundred and fifty dollars, the value of the same property assessed as aforesaid, and further, that the said defendant recover of the said plaintiff the sum of ten dollars damages as aforesaid, and also the sum of fifty-seven dollars and forty-three cents, costs and disbursements, amounting together to the sum of sixty-seven dollars and forty-three cents.      G. W. ERNST, *Clerk.*"

The motion was " for a rule or order setting aside and striking out, with costs of the motion, the judgment for the costs of the defendant, entered against the plaintiff *personally*, on the 25th day of December, 1856, in this action, amounting to $57.43, on the ground that no order or direction had been applied for, or made, or given by the court, allowing the defendant to recover costs in this action, or requiring the same to be paid by the plaintiff personally; nor had any certificate been made or granted, authorizing the taxation of any costs against the plaintiff: also on the ground that said judgment was irregularly and improperly entered."

The defendant's attorneys entered the judgment for costs without leave of the court, for the reason that they supposed the defendant was entitled to a judgment for costs against the plaintiff personally, as matter of course.

The affidavits which were read on the hearing of the motion, show that it appeared on the trial, that the defendant lived with and worked for John Woodruff, deceased, upon a farm owned and occupied by the deceased, and that he continued to reside upon such farm after the deceased died; and that the mare in question had at all times been kept and used on such farm, and remained thereon to the time of the commencement of this action : that the defendant lived with the deceased upon his farm at the time of his death, and remained upon the farm until the time of the commencement of this action : also that it

appeared by the testimony of many witnesses, that the defendant claimed the mare as a gift to him by or from the deceased, who desired him to keep her on said farm : and that at other times after the death of the deceased, the defendant claimed that the mare was a gift to his wife by or from the deceased, with a like request to keep it on said farm : that after the plaintiff was appointed administrator, he, as such administrator, demanded of the defendant the possession of the mare, she then being in his possession, and the defendant refused to deliver her to the plaintiff, and that the plaintiff commenced this action the next day after the demand was made : that the deceased, within the year next preceding his death, stated to several persons, or in their presence, that the mare was the property of the defendant.

The papers do not show that any evidence was given upon the trial that the plaintiff ever had the possession of the mare, or could control her, before he took her by virtue of papers issued in this action.

The judge who held the special term at which the motion to set aside the judgment for costs against the plaintiff was made, denied the motion, with $10 costs.

JAMES E. DEWEY, *for plaintiff.*
DEWITT C. BATES, *for defendant.*

By the court—BALCOM, Justice. The judgment for costs in the action is against the plaintiff personally, and the question is presented, whether such a judgment could be entered upon the verdict without the direction of the court.

The action was not *necessarily* prosecuted by the plaintiff in his representative character. The authorities show that the alleged cause of action upon which the suit was brought, arose when the defendant refused to give up the mare on the demand of the plaintiff, and executors and administrators should sue in their own right in such a case, and never in their representative character, *only* where the testator or intestate had a *complete* cause of action in his lifetime. (5 *Cowen,* 267; 4 *id.* 87; 11

*Johns.* 403; 10 *East,* 293; 9 *Wend.* 486; *Gra. Pr. 2d ed.* 739.) It was well settled, prior to the Code, that an executor or administrator was personally liable for costs in an action on a demand not *necessarily* prosecuted in his representative capacity. (3 *Hill,* 441; 4 *id.* 57; 1 *Denio,* 626; *also see the authorities before cited.*)

Section forty-one, of title three, chapter six, of the second part of the Revised Statutes, (2 *R. S. p.* 90,) which is in force by reason of a clause in section 317 of the Code, relates only to actions brought *against* executors and administrators, and not to such as are brought by them : and section seventeen, of title one, chapter ten, of the third part of the Revised Statutes, (2 *R. S. p.* 615,) which exempted executors and administrators from liability for costs in certain actions prosecuted by them, is repealed by the Code. (*Code* §468; *Curtis* agt. *Dutton,* 4 *Sand.* 719.)

Section 317 of the Code, embraces the entire subject provided for in the above-mentioned section seventeen of the Revised Statutes. This section of the Revised Statutes is inconsistent with section 317 of the Code, and it is not saved from the effect of the repealing part of the Code, by §471 of the Code.

Section 317 of the Code declares that, in an action prosecuted by an executor or administrator, costs shall be recovered *as in an action by and against a person prosecuting in his own right, but such costs shall be chargeable only upon or collected of the estate represented,* unless *the court* shall direct the same to be paid by the plaintiff *personally,* for mismanagement or bad faith in such action. Under this section, if an executor or administrator fails in an action prosecuted by him in his representative capacity, the defendant recovers costs as matter of course, to be collected of the estate represented ; but he cannot enter judgment for costs against the plaintiff personally, unless *the court* directs the same to be paid by the plaintiff personally, " for mismanagement or bad faith in such action."

There must now be a direction of the court, to authorize a defendant to enter judgment for costs against an executor or

administrator *personally*, in an action not *necessarily* prosecuted in the right of his testator or intestate. (*See* 12 *How. Pr. Rep.* 305.)

The court did not direct that the plaintiff pay the costs of the action personally, therefore the judgment for costs against him personally was erroneous. The order appealed from must be reversed, and the judgment for costs against the plaintiff personally, set aside, with $10 costs of the appeal, and $10 costs of the motion to set aside the judgment.

Order accordingly.