CLUMPHA a. WHITING.

*Supreme Court, First District; Special Term, June*, 1860.

STAY OF PROCEEDINGS.—WAIVER OF IRREGULARITY.

Defendant obtained an *ex-parte* order staying proceedings, which plaintiff did not treat as void, but moved to set aside ; and the court denied the motion, and directed that the order should stand.

*Held*, that this rendered the stay valid.

Plaintiff having entered judgment, notwithstanding an order staying his proceedings, defendant moved to set aside the judgment, and pending the motion, written notice of the judgment being served on him, in order to limit his time to appeal, defendant took an appeal from the judgment.

*Held*, that this was not a waiver of his motion to set aside the judgment.

Order to show cause why a judgment should not be set aside.

BONNEY, J.—On 8th February, 1860, the referee in this action made his report in favor of plaintiff. On 9th February, defendant, on a certificate of the referee that important questions of law arose on the trial, obtained an *ex-parte* order giving him twenty days' additional time to make a bill of exceptions, and, in the mean time, and until the settlement thereof, staying plaintiff's proceedings. The plaintiff on 14th February, at special term, moved to set aside said order; the motion was denied, and thereupon it was ordered that said order of 9th February stand and remain in full force, with liberty to plaintiff to adjust his costs. On 1st March, before any bill of exceptions was served, plaintiff entered judgment and issued execution;

and on 2d March, defendant obtained and served an order that plaintiff show cause why the judgment and execution should not be set aside for irregularity, with costs, and that proceedings in the execution be stayed. Now, on showing cause, under this order, in addition to the facts stated above, it appears that on 3d March, notice of the judgment was served on defendant's attorney, and on 22d March, defendant gave notice of appeal therefrom to the general term.

The plaintiff insists that said order of 9th February, staying his proceedings, was void under the decisions in 6 *How. Pr. R.*, 367; 8 *Ib.*, 350; 18 *Ib.*, 163, and other cases referred to, and that the order of 14th February neither made effectual the prior order, nor was itself a stay of proceedings which plaintiff was bound to regard. I think otherwise. Whether or not the *ex-parte* order was obligatory, the plaintiff, instead of treating it as void, moved to set it aside, and then the court, at special term, after hearing both parties, decided in effect that this was a proper case for a stay of proceedings, and ordered accordingly; and this order was, in my opinion, clearly valid.

But it is said that defendant, by his subsequent appeal, has waived the irregularity, and cannot, after such appeal, take advantage of it. If the orders of 9th and 14th of February, or either of them, were not void as a stay of proceedings, the entry of judgment and giving notice thereof were improper, and should be vacated. After this order to show cause, under which this motion was made, was obtained and served, the plaintiff irregularly (if the stay was not void) served notice of the judgment, and defendant, within the term allowed by law, gave notice of appeal.

By such appeal the defendant certainly did not intend to waive, and in my opinion did not waive, the benefit of his then pending motion, on the ground of irregularity. In any event, whether the stay were or were not valid, he might, and doubtless intended to, appeal from the decision of the referee; and it was prudent for him to give a notice which, if his motion were denied, would be in time.

Motion granted, with ten dollars costs.