NEW YORK PRACTICE REPORTS. 49

People agt. Albany and Susquehanna R.R. Co.

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE ALBANY
AND SUSQUEHANNA RAILROAD COMPANY and others.

Where an *appeal* is duly taken from a judgment at special term, to the general term,
by the unsuccessful party, it is a *waiver* of all *irregularities* in the judgment,
which might have been heard at special term, if a motion had been made before
the appeal was taken.

*Counsel* for the defeated party in an action, have no right to be present at the find-
ing of facts by the judge who tried the cause, or to dictate. or have a voice in
regard to what such finding should be, any more than he would have to intrude
into the jury room, had the case been tried by a jury, and dictate to or advise with
them in regard to what should be their verdict.

Any person who should attempt to interfere with the judge in the discharge of his
duty, after a cause has been submitted to him for decision, and before the same is
decided in the manner prescribed by the statute, would be guilty of a most grave
offense.

after the judge has decided the case in his own mind, he desires any assistance in
the clerical labor of drawing up the statement of facts and conclusions of law, in
conformity with his decision, he may, doubtless, employ any one to render such
service; and this service is frequently, and probably most commonly; performed
by the attorney of the successful party, under the direction of the judge. But no
person has any right, unsolicited by the judge, to be heard or to act, in any way.
whatever in making up the decision, even in form, much less in matter of sub-
stance.

The only *notice* the successful party is required to give to his adversary, after the
cause is submitted to the judge for decision, is notice in writing of the judgment,
after it has been entered, and this only for the purpose of limiting the time of the
other party to except and appeal.

Where the successful party. under authority of the judgment in the action, have
been exceedingly prompt, and even nimble, although strictly regular, in taking
possession of the property which the judgment gave them, they cannot be ousted
and compelled to surrender *upon motion.*

Where the necessary and inevitable tendency of the several matters set forth in
any moving papers is to disparage the judge who decided and gave judgment in
the action, and to bring him into disrepute and disfavor, if not to challenge his
truthfulness and integrity in his official conduct, such papers will be stricken out,
as irrelevant, impertinent and scandalous, and not allowed to be placed upon the
files of the court; and this by direction of the court, without the necessity of a
motion to that effect.

*Monroe Special Term, January,* 1870.

MOTION to set aside judgment in the action, and all the preceedings therein for irregularity.

The motion was made upon the grounds, among others, that the attorneys of the Church party had had no notice of the settlement of the findings of fact, and conclusions of law before the judge who tried and decided the action, and no opportunity of being present at such settlement, before such decision was made and delivered to the attorney of the successful party. Also that no copy of the proposed judgment or decree had been served in like manner, with notice of settlement thereof, by the attorney of the prevailing party, before entering and perfecting his judgment upon the decision. The other grounds of the motion will sufficiently appear in the opinion.

> D. D. FIELD, A. J. PARKER *and* J. H. MARTINDALE, *for motion.*
>
> M. HALE, H. SMITH *and* G. H. DANFORTH, *opposed.*

JOHNSON, J.—The parties to this motion are all defendants in the action, and it will be most convenient to designate them as the Church party and the Ramsey party respectively. The judgment which this motion seeks to have set aside, was entered, and the judgment roll filed, on the 31st of December, 1869, about two o'clock in the afternoon, as appears from the papers. This judgment was in favor of the Ramsey party, and against the Church party. On the same day and after said judgment had been entered, the counsel for the Church party, residing at Rochester, where said action was tried and judgment entered, caused a notice of appeal from said judgment to the general term of the supreme court to be prepared, and also an undertaking, in due form of law, and the same were served in due form upon the attorney for the Ramsey party and upon the attorney of the railroad company, on the 1st day of January,

People agt. Albany and Susquehanna R.R. Co.

1870, and within twenty-four hours after the entry of said judgment, and the said appeal was thereupon perfected.

This appeal, as is shown by the moving papers, was brought in good faith by the parties appealing, who intend to prosecute the same to a determination at the general term of this court, and is now pending.

This motion, to set aside the judgment for irregularity, was not made until several days after the appeal to the general term was perfected. The notice bears date the 3d of January, 1870, and the principal affidavit on which such motion is founded, was not made, or was not sworn to, until the 4th of the same month. The motion papers were, of course, served after this, though I do not find the precise date of the service among the papers. It appears very clearly and plainly from the moving papers, and indeed the contrary is not pretended, that the counsel for the moving party knew, and were fully aware of all the acts and omissions on the part of the attorney and counsel of the Ramsey party, in whose favor the judgment was rendered and entered, before and at the time such judgment was entered and before the appeal to the general term was brought and perfected.

Upon this state of facts all the irregularities complained of up to and including the entry of the judgment, and filing the judgment roll, if such they were, have been waived and cured by the appeal to the general term, and are no longer available to the party against whom the judgment is ren dered. Conceding, for the purposes of this point, that the things complained of were irregularities for which the judgment would have been set aside had the defeated party taken advantage of them in due season, still, having passed them by, and taken another and different step in the action, they cannot now go back and take up these alleged irregularities, and have them passed upon as though they were still open and available. They have each and all been waived and forever cured by the appeal. It was an onward

step in the action, without regard to the irregularities, which were as well known to the moving parties then as now, and which placed all the parties in a new and different relation to each other. This principle of waiver of irregularities in proceedings in actions, on the part of any party who might have taken advantage of them had he chosen to do so, by moving in the action afterwards as though the proceedings had been regular, has been so long established in practice, and is so well settled, that it admits of no doubt or question. The exception is that the waiver does not extend to irregularities of which the party was wholly ignorant when the subsequent steps were taken.

I shall not undertake to cite authorities on this question. The books are full of cases on the subject, and the principle is as old as the history of practice and proceedings by action. Had not the contrary doctrine been strenuously contended for by the several eminent counsel of the moving parties, I should not have supposed that any doubt could have existed in the minds of the profession in regard to it.

The case cited and relied upon as containing a different doctrine is that of *Clumpha* agt. *Whiting* (10 *Abb.* 448).

But that case, it will be seen, affords no countenance to the position contended for by the moving parties. In that case the plaintiff had entered a judgment and issued an exetion, while an order to stay his proceedings was in force.

On the 2d of March the defendant moved, by an order to show cause, to set aside the judgment and execution for irregularity; and on the 22d of the same month, while the motion to set aside was still pending and undisposed of, the defendant gave notice of appeal from the judgment to the general term. It was claimed in that case by the plaintiff, that the defendant had, by appealing, waived the irregularity in the entry of the judgment, and issuing execution, but the judge, at special term, held that the appeal in that case was no waiver of the irregularity, which the defendant had taken advantage of by motion before the appeal was brought

and which motion was still pending. This was a special term decision, but I am of the opinion it is correct in principle. The same rule has I think been applied more than once in this district, where the party after moving and taking advantage of the irregularity, has brought his appeal to save that right also, and prevent the time for appealing from passing by before the motion could be heard. This gives a party the benefit of all the remedies which the law affords if he is diligent in taking his advantage in time.

But this is quite a different case. Here the alleged irregularities had not been noticed, or taken advantage of, by motion or otherwise, until after they had been waived and cured by the appeal. It was then clearly too late. The appeal had consigned them all to the "dead past," beyond recall or resuscitation.

This view alone disposes of all questions of mere irregularity in entering and perfecting the judgment, assuming that it became and was a perfect judgment, so far as to be reviewable upon appeal.

I might safely rest this question upon this view, and should do so in any ordinary case. But this is a case of much more than ordinary importance, and it is, perhaps, due to it that it should not be allowed to rest upon a technical waiver of irregularities, if there is a better and surer foundation on which the judgment can stand.

Now, granting that every material allegation of fact in the moving papers is strictly true, there was no irregularity in the proceedings prior to, and including the entry of the judgment, whatever.

The counsel for the defeated party had no more right to be present at the finding of the facts by the judge, or to dictate, or have a voice in regard to what such finding should be, than he would have had to intrude into the jury-room, had the case been tried by a jury, and dictate to, or advise with them in regard to what should be their verdict. The assumption of such a right is simply monstrous. Coun-

·sel have their day in the trial and summing-up the cause. They have no right to any further hearing, until after the decision has·been made, and rendered, as the law prescribes. When the‚trial is ended, and the cause submitted, the law devolves the duty of deciding it, upon the judge before whom the trial is had,‚ where the action is tried without a jury, and prescribes the form in which his finding and decision shall be rendered.

"Upon the trial of a question of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law separately." "Such decision shall be filed with the clerk within twenty days after the court at which the trial took place. Judgment upon the decision shall be entered accordingly." (*Code*, § 267.)

Any preson who should attempt to interfere with the judge in the discharge of his duty after a cause has been submitted to him* for decision, and before the same is decided in the manner prescribed, would be guilty of a most grave offense.

If the judge, after he has decided the case in his own mind, desires any assistance in the clerical labor of drawing ·up the statement of facts and conclusions of law, in conformity with his decision, he may doubtless employ any one to render such service. And this service is frequently, and I apprehend most commonly performed by the attorney of the successful party, under the direction of the judge. In such case, he acts as the hand of the judge merely in drawing a paper. But no person has any right, unsolicited by the judge, to be heard, or to act, in any way whatever, in making up the decision, even in form, much less in matter of substance. If the judge is in doubt as to how a particular fact should be found, he may, I suppose, open the case, and give the counsel for the respective parties a further hearing, though this, I apprehend, is seldom, if ever done.

But certainly the duty of deciding both the facts and the law rests upon the judge alone. The counsel for the de feated party seem to have supposed that they had the right to be present and take part in the settlement of the decision which the judge was to make, and to be informed as to what was decided before the decision was made so as to become final. But this is quite an erroneous view of their rights. The decision is the judgment of the court, and upon it the judgment in the action is to be entered. If there are special provisions in the judgment, the judge may, if he thinks proper, order that the judgment be not entered until the judgment or decree be drawn up and served upon the opposite party, and settled before himself or some other judge, in accordance with his decision. But nothing of this kind is necessary under our present system of practice. It rests wholly in the discretion of the judge. If he does not see fit to order it, no one can complain.

The decision was, therefore, regularly made, and the judgment thereon regularly entered, without any further or other hearing, or notice, or service of papers, or settlement. In a case tried as this was, there is no such thing as a review of the trial or decision before judgment. There is no other mode of review than upon appeal after judgment. (Code § 268, sub. 3.) This review, as to questions of law, is upon exceptions to the decision taken by the defeated party who may desire to appeal, within ten days after notice in writing, of the judgment.

The review of questions, either of fact or of law, arising upon the evidence, or rulings upon the trial, can only be upon a case or exceptions, made after notice of the judgment. This is the scheme for reviewing judgments and proceedings upon the trial in all cases tried in this manner. And it is the only way in which they can be reviewed, by the express terms of the statute. (Code, § 268, sub. 3.) The only notice the successful party is required to give to his adversary, after the cause is submitted to the judge for

decision, is notice in writing of the judgment after it has been entered, and this only for the purpose of limiting the time of the other party to except and appeal.

I do not design to elaborate this point, but intend to express a most emphatic opinion that there was no irregularity in the proceedings after the submission up to and including the entry of judgment.

It is also claimed by the counsel for the Church party that there is no judgment from which an appeal can be taken and which can be reviewed upon appeal. But this party have appealed and insist upon their appeal, and even complain that steps' were improperly taken in carrying out or executing the judgment after their appeal and undertaking had stayed all proceedings upon the judgment. The Ramsey party concede that the judgment is a final judgment and the appeal properly brought. It is either a judgment or nothing. If it is no judgment, there is no need of this motion. If it is a judgment, it is reviewable upon the appeal which is pending. Upon this question I have no doubt that a final judgment has been rendered and entered, which is subject to the appeal already brought, upon the hearing of which all alleged errors of fact or of law may be brought up and reviewed and corrected, if found to exist.

It is also a part of this motion that the receiver heretofore appointed in the action be required to retake possession of the property of the company, and that the Ramsey party who have taken possession be ordered to restore the same to said receiver or to some other receiver to be appointed.

This application is based upon two grounds: First, That there is no final judgment entered, and second, that the surrender was made by the receiver to the prevailing party, and possession taken by that party in violation of a stay of proceedings upon the judgment, then in force. The question of a final judgment has been already disposed of.

The other ground seems to be wholly unfounded in point of fact. The appeal from the judgment was not perfected

People agt. Albany and Susquehanna R.R. Co.

so as to operate as a stay of proceedings until the next day after the judgment was entered; and the Ramsey party went into full possession of the property the day before, under the judgment, after it had been rendered and entered. The first order of Justice BARNARD, which was served on the 31st of December, late in the afternoon, was an order staying proceedings on the decision of Justice SMITH and the entry of judgment thereon. But as the judgment had been entered upon the decision and become effectual as a judgment before this order was served, such order was wholly ineffectual for any purpose when it was served. The next order of Justice BARNARD, staying proceedings under the judgment was not served until the day following the entry of the judgment and on the 1st of January.

In the meantime and on the day previous, the Ramsey party, who had been adjudged to have been regularly elected directors, and to whom the custody and possession of the property, and franchises of the company had been awarded formally entered into and took possession by virtue of the judgment and under its authority. This was done almost at the moment the judgment was entered and the roll filed in the clerk's office at Rochester. . Their action was certainly exceedingly prompt and may perhaps be said to have been even nimble, but I am unable to see that it was in any respect irregular or unwarranted at the time. Having gone into possession regularly, under the authority of the judgment in the action, they cannot be ousted and compelled to surrender upon motion.

Whatever may be said in regard to the proceedings before Justice PECKHAM on the 1st of January, to obtain possesson of the key or keyes, from the receiver, it is certain that they are wholly immaterial on this motion.

The motion is not to restore to him the key simply, but the possession of the entire property of the company.

Whether all the issues have been passed upon, or all the facts found, necessary to sustain the conclusions of law upon

58 NEW YORK PRACTICE REPORTS.

People agt. Albany and Susquehanna R.R. Co.

which the judgment rendered is founded, will arise upon the hearing of the appeal.

I do not think those questions belong to this motion. But if they do, it seems to me there can be no difficulty on that score. I do not see what other finding of fact was necessary, or what other issue it became necessary to pass upon, when it is seen upon what point or ground of the controversy the decision and judgment are placed. It follows from these views that the motion to set aside the judgment must be denied.

A more unpleasant but yet a most imperative duty, remains to be discharged in regard to the papers on which this motion is in part founded.

The counsel for the Ramsey party, upon the argument moved to strike out the affidavit of J. H. Martindale, giving an account of what had taken place at several interviews between himself and Judge SMITH, before whom the action was tried, between the time when the cause was submitted to him for decision and the delivery of his written decision; and, also, the certificate signed by four of the counsel of the Church party, certifying that they had examined the opinion of the judge given upon the decision of the case, and that in their judgment such opinion was in every material point erroneous either in fact or in law. The motion to strike out these papers was placed upon the ground that they were irrelevant, impertinent and scandalous.

They then read as part of the opposing papers, certain affidavits made by N. C. Moak and J. H. McFarland, counsel for the Ramsey party, and also of the two librarians at the court house, as to what took place between Martindale and Judge SMITH, at the portion of the interviews at which they were respectively present; giving, in some respects, a modified and different version of what took place at these interviews from that contained in the moving affidavit.

The statement of the Judge as to what took place at either

interview, whether in the presence, or absence of third persons, was not, and in the nature of things could not be produced.

The counsel for the Church party, in reply to this motion, contended, that inasmuch as the other-side had read counter affidavits as to what had occurred at those interviews, so far as they could, or chose to go into that question, they were not at liberty to insist upon the striking out of the moving affidavit.

This would, I think, be a complete answer if any motion was necessary.

But no motion is necessary if the papers or any of them are of the character indicated in the motion. The court will always see to it without any motion, that no papers, not otherwise strictly necessary, are allowed to go upon its files or into its records which tend to discredit, degrade or defame one of its members.

The several counsel for the moving party, each for himself, in the most positive and emphatic manner, denied and disclaimed any intention or design whatever of impugning in any degree the motives of the judge or of reflecting disparagingly upon his character or conduct in the matter contained in the affidavit.

These disclaimers may and should be, I think, accepted as conclusive upon the question of intention on the part of counsel. But they are verbal merely, and do not, and cannot, operate to purge the papers of any offensive matter which they may contain. No one, I think, wholly uninfluenced by interest, or by the heat and excitement of the controversy, can read the affidavit in question without perceiving at once, and beyond any doubt or question, that the necessary and inevitable tendency of the several matters set forth in the affidavit, is to disparage the judge, and to bring him into disrepute and disfavor, if not to challenge his truthfulness and integrity in his official conduct.

The matters contained in the affidavit, are altogether

irrelevant and immaterial to the merits of any question involved in the motion, and no legitimate purpose can be served by placing the affidavit upon the files. This practice of making motions in actions founded upon an interview between the judge who tried the cause, and the attorney or counsel for one of the parties to the action, is quite novel, at least in my experience upon the bench, and cannot, as it seems to me, be too strongly discountenanced and condemned. In such a case, the judge is, necessarilly, wholly at the mercy of his interviewer. He cannot be heard either to contradict a false statement which may be made, or to modify or correct one founded in mistake or misapprehension. A sense of propriety, and respect for his station, higher and stronger than any law, must of necessity prevent him from making any statement whatever upon the subject. Aside from the mere impropriety of such a practice, which all unbiassed minds will at once and instinctively detect and admit, it is fraught with the gravest and most serious dangers to the due administration of the law. It is calculated to affect not only the independence of the judge, but the freedom, impartiality and purity of the course of justice also.

It should, as it seems to me, never be tolerated unless, indeed, in the most extreme and exceptional cases.

As respects the certificate, in regard to the opinion of the judge, it has most clearly no place upon this motion.

Even if it could be held to merit the unfavorable judgment pronounced upon it in the certificate, it was certainly not irregular in the judge to pronounce an opinion when deciding the case. This is certainly much more than can be said in favor of the certificate, which as appears by the affidavits before me, had been published in the newspapers in the city of New York, before it found its way into the moving papers here, and which is not only altogether unusual, but wholly unnecessary, for the purpose of the appeal or of this motion. There is no pretence that the opinion of the judge is open to review on this motion, and I

People agt. Albany and Susquehanna R.R. Co.

have not examined it to see whether it is sound or unsound. But if it is ever so unsound it does not affect in the slightest degree the regularity of the judgment, which is the only question here.

The opinion speaks for itself, and will be open to criticism and review upon the hearing of the appeal, but it is not here. The certificate on this motion is, at best, irrelevant and impertinent.

I must therefore hold that the affidavit of J. H. Martindale and all the other affidavits on both sides, touching the interviews, or any of them, between said Martindale and Judge SMITH, together with the certificate in question, be stricken out, and taken from the motion papers and not allowed to be placed upon the files of the court.

The motion to set aside the judgment and proceedings thereon, is denied with costs.