ELIZA HOWE, Appellant, v. MARGARET LLOYD, Executrix of
ALEXANDER C. LLOYD, Respondent.

(GENERAL TERM, THIRD DISTRICT, MARCH, 1870.)

Costs are not taxable against executors or administrators, as of course,
where judgment is recovered against them as defendants in an action.
It seems, they are only granted in such case, pursuant to section 41 (2 R.
S., 90), by order upon motion.
The plaintiff, on a referee's report, in his favor, in an action against the
defendant as executrix, entered judgment for damages and costs; the
defendant appealed from the entire judgment, and then the plaintiff
readjusted the costs upon notice, and the defendant moved, at Special
Term, and obtained an order setting aside the judgment as irregular; on
appeal from the order, the court directed the costs to be stricken from
the judgment, without prejudice to a motion by the plaintiff for costs,
and the order was otherwise affirmed without costs.
The entry of judgment for costs in such a case, is not an irregularity
waivable by an appeal.
And it seems the appeal, being prior to the adjustment, could have no effect
as a waiver upon the proceedings therefor. Nor would the court con-
sider, upon the appeal from the order, the plaintiff's right to have costs
under the statute.

APPEAL from an order of Mr. Justice HOGEBOOM, made at
a Special Term, setting aside a judgment entered upon the
report of a referee for damages, $524.97, and costs $150.69,
against the defendant as executrix.

The plaintiff taxed his costs, and entered judgment Octo-
ber 23d, 1869, and the defendant appealed from the judgment
on the 29th of the same month, and on the 30th, after due
notice, the plaintiff retaxed his costs. On the 17th Decem-
ber, 1869, notice of motion was given by the attorney for
the defendant, for the Special Term in that month, to set
aside the entire judgment, on the ground that the plaintiff
was not entitled to costs, and that they had not been allowed
to him on motion.

It appeared that the claim upon which the suit was brought
had been formally presented to the executrix before com-
mencement thereof, and that after suit, the executrix had

formally offered to allow judgment against her for $300, and costs.

The motion to set aside the judgment being. granted, the plaintiff took this appeal.

*N. C. Moak,* for the appellant.

*W. S. Paddock,* for the respondent.

Present—INGALLS, PECKHAM and MILLER, JJ.

By the Court—MILLER, J.   The plaintiff in this action claims that costs are recoverable as a matter of course against an executor or administrator, to be levied of the assets of the deceased.   I think that this position cannot be maintained.

The Code, § 317, declares, "that in an action prosecuted or defended by an executor or administrator," &c., "costs shall be recovered as in an action by and against a person prosecuting in his own right."   *   *   "But this section shall not be construed to allow costs against executors and administrators where they are now exempted therefrom by section 41." (2 R. S., 90.)   This section of the Code is general in its character and alone might be construed to establish a rule which places all representative parties upon the same footing as to costs as those parties who are acting for themselves, except that it compels the estate to pay the costs, unless the court direct that they be paid by the executor or administrator personally, for mismanagement or bad faith in the action or defence.   It must be considered, however, in connection with section 41 of the Revised Statutes, which restricts its application only to cases where an executor or administrator is a plaintiff and fails to recover in the action.

This provison declares that, "no costs shall be recovered against the defendants; nor shall any costs be recovered in any suit at law against any executors or administrators to-be levied of their property, or of the property of the deceased, unless it appears that the demand upon which the action was brought was presented," &c., "and. that its payment was·

unreasonably resisted or neglected, or that the defendant refused to refer the same," &c.   The plain and manifest interpretation of the provision of the Revised Statutes cited, is, that in cases where the action is against the defendants as executors or administrators, no costs can be recovered unless it be by order of the court.   Such cases are expressly excepted from the provisions of section 317 of the Code.   The Code was not intended to provide merely a formal exemption to the executor or administrator from liability for costs, and to hold the estate liable in all cases, but to leave the Revised Statutes in full force where an action was brought against an executor or administrator.   This construction has been generally followed by the courts in such cases, and I think is sustained by abundant authority.   The defendant in a suit brought by an executor or administrator, is entitled to costs without a motion when a successful defence is interposed.   (*Woodruff* v. *Cook*, 14 How., 481; *Curtis* v. *Dutton*, 4 Sand., 719.)   But where actions are brought against an executor or administrator, and a judgment obtained, no costs can be recovered unless the court, in the exercise of its powers, upon motion, adjudge that it is a case in which costs should be paid under the statute referred to, by the estate or its representatives.   (*Fox* v. *Fox*, 22 How., 453; *Mersereau* v. *Ryerss*, 12 How., 300.)   The case cited by the plaintiff's counsel (9 Bosw., 696), which holds that the estate is chargeable in cases where the plaintiff is successful in a suit against the representative, is a Special Term decision, in conflict with the cases cited, and I think does not present a correct interpretation of the provisions of the Code and of the Revised Statutes, which have been referred to.   In any respect in which the question may be considered, I am of the opinion that costs cannot be recovered in an action against an executor or administrator except upon the application by motion to and the order of the court.

It is insisted by the plaintiff's counsel that the defendant, having appealed from the judgment after it was legally perfected, could not move to set it aside for irregularity.   I incline to think that the taxation of the costs, without the

authority of the court and their insertion in the judgment roll, was rather more than a technical irregularity. It was not a mere formal error, but the adjustment and allowance of an amount of money not authorized by law, and a substantial defect in the judgment, which, if it did not render the judgment void, should entitle the party to some relief. (1 Burr. Pr., 474.) The rule that irregularities may be waived by an appeal, has never been applied to a case like this, and the authorities cited to sustain the doctrine contended for are cases of technical and formal defects which do not affect or impair the validity of the entire judgment or proceeding. (*Cotes* v. *Smith,* 29 How., 331; *Mayor* v. *Lyon,* 1 Daly, 300; *Clumpha* v. *Whiting,* 10 Abb., 448; *Kellogg* v. *Baker,* 15 Abb., 288; *D'Ivernois* v. *Leavitt,* 8 Abb., 60; *Vail* v. *Remsen,* 7 Paige, 206; *Brady* v. *Donnelly,* 1 N. Y., 126.)

But even if this motion may be regarded as founded upon an irregularity alone, inasmuch as the costs were not readjusted until after the appeal had been taken, I am inclined to think that the appeal would not affect the subsequent proceeding upon the readjustment.

It may also be added that courts indulge great liberality in disregarding mere technical irregularities when they interfere with the promotion of justice, and parties are frequently allowed to come in, after being irregular, upon terms, and present their case. In this case the Special Term made it a condition of allowing the defendant to make a motion to vacate the judgment that he pay the costs of opposing the motion, and thus inflicted a penalty for the alleged irregularity.

The fact that the defendant served an offer to allow judgment to be entered for a specific sum, is not such a recognition of liability for costs as to compel the payment of costs under any and all circumstances. The answer to the proposition is, that this offer was refused, and hence both parties occupy precisely the same position as they did before it was made.

Nor is it proper to consider on this motion the question

Howe *v.* Lloyd.

whether the plaintiff is entitled to costs by reason of an unreasonable resistance to the claim litigated. That is a matter which will more appropriately arise upon a motion for costs when both parties can be heard, and is not now before us.

I think that the Special Term committed no error in setting aside the whole judgment. The judgment was clearly erroneous in having costs inserted, and thus far the whole of it was properly vacated. The fact that it was thus erroneous in part, did not fairly entitle the plaintiff to costs of the appeal, and he probably would be entitled to interest and costs under the statute (S. L. of 1869, 1870), even if he should fail in obtaining an allowance of costs on motion. This provision is not material to the disposition of the questions arising on this motion, if I am correct in the views I have before expressed, and should not interfere with the affirmance of the order. I think that the order should be affirmed with costs.

PECKHAM and INGALLS, JJ., were in favor of affirming, except as to costs, and it was ordered accordingly, that judgment stand, except as to costs, &c., and that these should be stricken out of the judgment without prejudice to an application hereafter for costs, and that no costs be allowed to either party in this appeal.