ANGELINE C. JOHNSON et al., as Administrators, etc., Respondents, *v.* MARIA J. MYERS, Executrix, etc., Appellant.

(Argued June 23, 1886 ; decided November 23, 1886.)

THE following is the *mem.* of the opinion in this action :

"An order was made in this case granting costs to the plaintiffs and an additional allowance. It is resisted upon this appeal on the grounds that the plaintiffs' demand was not presented to the executrix for payment before the commencement of the action, and that such payment was not unreasonably resisted or refused. Both questions turn upon disputed facts as to which it is the general rule of this court to follow the conclusions of the courts below, unless for some very obvious and sufficient reasons. (*Field* v. *Field*, 77 N. Y. 294.) The statute (3 R. S. [5th ed.] 175, §§ 39, 40) authorizes publication of a notice to creditors 'requiring all persons having claims against the deceased, to exhibit the same with the vouchers thereof to such executor or administrator,' etc., and allows the latter upon such presentation to require production of vouchers and an affidavit of the claimant. The proofs on the part of the plaintiff show that her claims with the books and vouchers on which they rested were fully 'exhibited' to the authorized agent of the executrix before the commencement of the action, and were examined and rejected by the assertion of counter-

claims sufficient to extinguish them and all ultimate liability denied. This fact is no further disputed than by an affidavit of the defendant's attorney that no 'formal claim' was ever made, though he admits 'informal negotiations for a settlement.' But, while the courts below were justified in holding that the plaintiffs' claim was duly exhibited and properly presented, the examination we have made of the facts in controversy very strongly impresses us with the conviction that the defense of this action was reasonable and proper, and while the defendant's estate was unsuccessful in the end, there was abundant reason in the complicated nature of the accounts, in the great amount of business transacted, and in the supposed and actual existence of grave counter-claims, to justify the defense actually made and prevent us from holding it to have been unreasonable. Judgment was demanded for more than $60,000 with a large amount of interest. Judgment was rendered for a sum very materially less, and still further reduced by a deduction of the General Term of more than $10,000. We discover no trace of bad faith in the defense interposed, but much to justify the inquiry and examination which it compelled.

"For this reason we think costs should not have been awarded, and we, therefore, reverse the order appealed from."

*Wm. G. Tracy* for appellant.

*Charles A. Hawley* for respondents.

FINCH, J., reads for affirmance.
All concur.
Order affirmed.