### BAILEY et al. v. SCHMIDT et al.

(*Supreme Court, Special Term, New York County.* November 12, 1888.)

COSTS—ADMINISTRATORS—PARTIAL RECOVERY.

  In an action against administrators for the sum of $770, for services to decedent, defendants disputed the claim, and plaintiffs recovered $463. *Held*, that defend-ants did not so unreasonably resist plaintiffs' demand as to entitle plaintiffs to costs, under Code Civil Proc. N. Y. § 1836.

 At chambers. Motion for allowance of costs.

 Action by Charles H. Bailey and others against Louise M. Schmidt and others, for the value of professional services.

 *Bailey & Sullivan,* for plaintiffs. *John P. Schuchman,* for defendants.

 LAWRENCE, J. The plaintiffs presented a claim for professional services to the defendants, against the estate of the decedent, amounting to the sum of $770.88. The claim, being disputed, was, by consent, referred, and the referee found for the plaintiffs in the sum of $463, thus very materially re-ducing the plaintiffs' claim. By his report it appears that $450 of the amount allowed was for professional services, and that $13, balance thereof, was for dis-bursements incurred by the plaintiffs. The referee reports that the claimants are entitled to judgment for the amount reported, besides the costs of the action, and motion is now made for an order confirming the said report for the costs of the action, and an allowance in addition to said costs. Unless the claim pre-sented to the defendants was unreasonably resisted or neglected, no costs can be

allowed to the plaintiffs. See Code Civil Proc. § 1836. And, where the action is brought in this court or in a superior city court, the facts constituting the right to such costs must be certified by the referee before whom the trial took place. There is no certificate in this case other than such as may be inferred or spelled out from the report itself. I do not think that the plaintiffs are entitled to costs on the facts found in this case. The claim, certainly, was not unreasonably resisted or neglected, when a reduction of $307.88 was obtained on a claim of $770.88. In *Pursell* v. *Fry*, 19 Hun, 595, a very similar case, where costs had been allowed at the special term on an appeal from an order confirming the referee's report, the court held that the costs must be stricken out. In *Miller* v. *Miller*, 32 Hun, 481, it was held that, where a disputed claim against the estate of a deceased person is referred, and a report in the claimant's favor is confirmed, the claimant is not entitled, as a matter of right, to the disbursements necessarily made by him, but they, as well as the costs, are to be awarded or withheld by the court, in its discretion. See, also, *Morgan* v. *Skidmore*, 3 Abb. N C. 96; *Daggett* v. *Mead*, 11 Abb. N. C. 117; *Harrison* v. *Ayers*, 18 Hun, 336. I am, therefore, of the opinion, on the authorities cited, that the plaintiffs in this case are not entitled to costs. Are they entitled to disbursements incurred upon the reference? It was held in *Miller* v. *Miller*, as we have seen above, that the disbursements necessarily made by the claimant are as much in the discretion of the court as the costs. That was a general term decision, and should be followed by me, unless some distinction between it and the case at bar can be shown. It does not appear in this case that the defendants refused to pay any part of the plaintiffs' claim. It was successfully resisted to the extent of nearly three-sevenths in amount. It would seem, then, that they are not entitled to disbursements. I find, however, upon referring to the testimony in the case, that there was a stipulation that each side should pay one-half of the stenographer's fees. By that stipulation the defendants must be bound, and for those disbursements, if paid by them, the plaintiffs are entitled to judgment, in addition to the amount reported by the referee. The order to be entered herein will be settled on notice.