### ELLISON *v.* SESSIONS.

*(Common Pleas of New York City and County, General Term.*   March 7, 1892.)

**1. LIABILITY OF WIFE—PHYSICIAN'S SERVICES—AGENCY FOR HUSBAND.**
In an action by a physician against a married woman to recover for medical services, in which there was evidence that the services were rendered on the faith of defendant's separate estate, the court properly refused to charge that defendant acted as agent of her husband in procuring plaintiff's services.

**2. SAME—EXISTENCE OF SEPARATE ESTATE—EVIDENCE.**
In such action it appeared that defendant declared to plaintiff that she owned a team of horses and carriages, and was worth enough to pay him her account, and that it was on the strength of these representations that he attended her. *Held* sufficient to show the existence of a separate estate in defendant, and to sustain a verdict for plaintiff.

Appeal from city court, general term.

Action by Charles R. Ellison against Eunice M. Sessions to recover services as a physician rendered to defendant, a married woman, in the year 1877, and afterwards. The defense was a general denial, coverture, and the statute of limitations. The plaintiff recovered the full amount. The defendant moved for a new trial, which was denied, and the order denying such motion was affirmed by the general term. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*Wager & Acker*, for appellant.   *J. J. Thomasson*, for respondent.

DALY, C. J. The appeal to this court being from the judgment alone, questions of law only, presented by exceptions duly taken, can be considered. There was evidence on which the jury could find that the employment of the plaintiff by defendant upon the pledge of her individual credit took place prior to the rendition of all the services for which this action was brought. There was, nevertheless, room for question upon this point growing out of the fact that this arrangement was made concededly in view of the failure in business of the defendant's husband, and such failure took place, according

to the testimony of the husband, in 1878. But that there was such a contract after the failure the jury were amply justified in finding, and the dispute as to whether it was in 1877 or afterwards could only affect the liability for the services rendered in that year. But defendant did not raise that question upon the trial. His motion to dismiss at the close of plaintiff's case, and at the close of the whole testimony, was directed to the entire cause of action, and was properly denied, because the plaintiff was entitled to recover at least for services he rendered in 1878 and subsequent years. Nor was the question raised by any exception to the charge, or by any request for instruction to the jury. The court did charge, at defendant's request, that a promise subsequent to the rendition of the services would be void, but there was no request that the jury must disallow for services rendered in 1877. The question whether the promise was made before all the services were rendered was left to the jury without objection, and for that reason the error, if any, cannot be now reviewed. The verdict cannot be disturbed upon the other points made by appellant. There was evidence that she had a separate estate when the contract was made. It is to be found in her declaration to the plaintiff that she owned a team of horses and carriages, and was worth enough to pay him her account, and it was upon the strength of this representation that he attended her. When she was examined as a witness she denied, at first, that she ever said that she had a separate estate, but afterwards admitted that she might have told the plaintiff that her husband gave her two horses, and subsequently testified that she presumed she did tell the plaintiff that she owned them. If, as appellant claims, the court erred in instructing the jury that it made no difference whether the defendant had a separate estate or not, (although there was no instruction in those words,) yet defendant took no exception to the instruction as made, and did not ask for any charge as to the law on that subject. There was no error in refusing defendant's request for instruction that the legal inference is that the defendant acted as agent of her husband in sending for or applying for the services of a physician. Such an instruction would be proper, in the absence of evidence of an express agreement by the wife to charge her separate estate for the services. In the form in which the request was made, it would have misled the jury into concluding that upon the facts in this case the legal inference still was that the wife acted as agent in sending for the plaintiff, and for that reason it was properly denied. The argument of appellant, based upon the facts in the case which tend to discredit the plaintiff as a witness on his own behalf, was proper to address to the general term of the city court on the appeal from the order refusing a new trial, but cannot be considered here. There was no exception by defendant to certain leading questions put by the court to the witness, and in the absence of such exception we cannot consider the effect of such questions. The judgment must be affirmed, with costs.