## HALLOCK *v.* BACON *et al.*

*(Supreme Court, General Term, Fourth Department. April, 1892.)*

1. APPEAL—REVIEW OF EVIDENCE—FINDINGS OF REFEREE.

A finding by a referee on a claim against the estate of a deceased married woman for medical attendance, that the employment of a physician was made by deceased rather than by her husband, being in accordance with the weight of testimony, will not be disturbed on appeal.

2. CLAIMS AGAINST ESTATE—REFERENCE—COSTS.

A referee has no power to allow costs against an executor, other than for disbursements.

16 N. Y. Supp. 725, modified.

Appeal from special term, Onondaga county.

J. Henry Hallock presented a claim to Etta D. Bacon and Alice A. Salisbury, executrices under the will of Emma B. Sharer, deceased, which was rejected by said executrices, and a reference was had under the statute. From a judgment for plaintiff on the report of the referee, and an order of the special term confirming the report of the referee, and denying a motion made by defendants on a case, and exceptions for a new trial, defendants appeal. Modified.

A reference was had under the statute, with the sanction of the surrogate, and a trial took place before the referee, who found as a conclusion of law: "The plaintiff, J. Henry Hallock, is entitled to recover against Etta D. Bacon and Alice A. Salisbury, as executrices of the last will and testament of Emma B. Sharer, deceased, the sum of one hundred and fourteen dollars, with interest thereon from August 1, 1890, and the said interest amounts to six dollars and fifty cents; making in all, $120.50, with costs." The referee directed judgment accordingly by a report dated August 19, 1891. On the 14th of September the attorney for the plaintiff stipulated to take judgment for the sum of $114, remitting $6.50,—the interest allowed by the referee. Judgment was entered on the 14th of September, 1891, for $114 damages only, "with $145.50 costs."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*H. E. Miller,* for appellants. *J. William Wilson,* for respondent.

HARDIN, P. J. Plaintiff's claim is for medical services and attendance upon the deceased from the 23d of March, 1890, to the 23d of July, 1890, at which time she died, having been afflicted with a cancer of the uterus, requiring exceptional services on the part of the plaintiff. The referee found that the plaintiff visited the patient "in performance of his professional duties, every other day, commencing March 24th, until July 23d, being sixty visits; and, in addition to these regular calls, he visited her on other occasions, being sent for specially in the mean time, making in all seventy-two visits. The value of the services so rendered by the plaintiff is one hundred and fifty dollars." There is a balance unpaid of $114. The deceased was a married woman at the time the services were performed, living with her husband at Syracuse, where she had lived several years before; and when she died she left, her surviving, her husband and two minor children; and she left a last will and testament, which was admitted to probate, and the appellants were appointed executrices. It appears that her husband was a laboring man, earning in the neighborhood of $50 or $60 per month, having little or no means or pecuniary responsibility. Presumptively and primarily the husband is liable to furnish medical attendance for his wife, and, "in the absence of any special agreement on the part of the wife to pay, the husband is liable." *In re Shipman's Estate,* (Surr.) 5 N. Y. Supp. 559. The referee found: "During her sickness, and on or about March 23, 1890, the said Emma B. Sharer personally employed the said J. Henry Hallock to attend her as her physician." Whether such employment was made by the deceased was a

question of fact to be determined by the referee. *Cutler* v. *Morris*, (N. Y. App.) 22 N. E. Rep. 451. Having looked into the evidence given on the hearing before the referee, we are of the opinion that the evidence sustains the finding, and that his conclusion upon the evidence is in accordance with the weight of the testimony, and that we ought not to interfere with the finding. *Roosa* v. *Smith*, 17 Hun, 138; *Crim* v. *Starkweather*, 12 N. Y. Supp. 791; *Ellison* v. *Sessions*, (Com. Pl. N. Y.) 18 N. Y. Supp. 108.

2. We have looked at the numerous exceptions taken during the progress of the trial, and also to the exceptions taken to the findings of fact and of law, and to the refusals to find, and we are of the opinion that they present no prejudicial error. We therefore sustain the referee's report upon the merits, and the judgment for $114 should remain. The action of the referee as to costs was unauthorized. In *Bailey* v. *Bergen*, decided by this court in 1875, and reported 5 Hun, 555, upon an opinion prepared by MERWIN, J., it was held: "A referee has no power to allow costs against an executor or administrator, to be levied on his property or on that of the deceased. Such costs can only be allowed by the court, on motion, after trial. 2 Rev. St. p. 90, § 41; *Howe* v. *Lloyd*, 2 Lans. 335," 9 Abb. Pr. (N. S.) 257. Judgment modified by striking therefrom the costs other than the disbursements, and, as so modified, affirmed, with costs of the appeal to the respondent. All concur.