NANNIE L. VAUGHN, Respondent, v. MARY M. STRONG, as Administratrix of THOMAS J. STRONG, Deceased, Appellant.

THOMAS S. VAUGHN, Respondent, v. MARY M. STRONG, as Administratrix of THOMAS J. STRONG, Deceased, Appellant.

*Costs on a reference, under the statute, relating to disputed claim against a decedent's estate.*

An administrator will not be charged with costs for resisting a claim referred, under the statute (2 R. S., chap. 6, tit. 3, art. 2, § 36), where he has acted with reason and good faith, although the claim be finally allowed.

A reference, under the statute, of a disputed claim against a decedent's estate, is a special proceeding and not an action, and if costs are allowed, it is not proper to direct that they be the same as in an action. (MAYHAM, P. J.)

The same rule should govern the granting of costs on a reference, under the statute, of a disputed claim against a decedent's estate, as in an action against executors or administrators; and where such a claim is not unreasonably resisted the successful claimant should only recover his disbursements. (PUTNAM, J.)

*Semble*, that section 3240 of the Code of Civil Procedure applies to a reference, under the statute, of a disputed claim against a decedent's estate, and that when payment of the claim is unreasonably contested the court may award costs, in addition to the disbursements which the prevailing party is entitled to under section 317 of the Code of Procedure.

APPEALS by the defendant Mary M. Strong, as administratrix of Thomas J. Strong, deceased, from orders, made at a Special Term of the Supreme Court, held in and for the county of Washington, allowing costs against her, as administratrix, on disputed claims against her intestate's estate, which had been referred under the statute (2 R. S., chap. 6, tit. 3, art. 2, § 36), and for which judgments had been entered against her.

*T. A. Lillie*, for the appellant.

*W. Farrington*, for the respondents.

MAYHAM, P. J.:

This is an appeal from an order of a Special Term of this court, allowing costs against the defendant, as administratrix, in each of the above special proceedings. The proceedings arose out of claims

presented by the plaintiff to the administratrix against the estate of the intestate, which were rejected by the administratrix and referred under the statute. On the first trial before the referee the report was in favor of the defendant, and, from the judgment entered thereon, an appeal was taken and the judgment reversed on the ground of error committed by the referee in the admission of evidence on the trial. On the second trial a like result was reached by the referee in favor of the defendant, and the judgment entered thereon was again reversed on the ground of the receipt of illegal evidence. On the third trial the report was in favor of the plaintiff, and on this trial the referee certifies that the claims were unreasonably resisted, and, on a motion for costs at Special Term, an order was made allowing costs in each of these cases.

Upon the affidavits used at the Special Term on this motion, and the papers and proceedings on which this motion was made, we cannot agree, either with the referee or the learned judge at Special Term, that these claims were unreasonably resisted.

The uncontradicted affidavit of the administratrix shows that she found, among the papers of the deceased, papers and documents, in his own handwriting, from which she had a right to assume that the fund in dispute in these proceedings had been properly disbursed by him in his lifetime, and that none of the money received by him remained in his hands or estate at the time of his death.

Add to this the fact that, on two successive trials, two intelligent referees had found that the estate represented by the administratrix was not liable for these funds, and it is difficult to see how it can be said that the administratrix had unreasonably resisted the payment of this claim.

The law seems well settled that an administratrix will not be charged with costs for resisting the allowance of a claim referred under the statute where such administrator has acted with reasonable and good faith in resisting the claim, although it be finally allowed.

In *Johnson* v. *Myers, Executor, etc.* (103 N. Y., 666), which arose on a disputed claim, the court, in discussing the question of costs against the executor, say: "We discover no trace of bad faith in the defense interposed, but much to justify the inquiry and examination which it compelled. For this reason we think costs should

not have been awarded, and we, therefore, reverse the order appealed from." And this seems to have been the rule under the revised statutes, and has not been changed by the Code. (*Nicholson* v. *Showerman*, 6 Wend., 554 ; *Pursell* v. *Fry*, 19 Hun, 595 ; *Bailey* v. *Schmidt*, 19 N. Y. St. Rep., 50 ; *Fredenburg* v. *Biddlecome*, 17 Week. Dig., 25 ; see, also, Redfield's Surrogates Pr., 529, 530.)

Applying this rule to the case at bar, we do not see how costs, as such, can be charged against the defendant in these proceedings. But the learned judge, in the order allowing costs, directs that they shall be allowed the same as though it was an action in the Supreme Court from the commencement.

In this, we think, the learned judge erred. (*Hallock* v. *Bacon*, 45 N. Y. St. Rep., 489.) The reference in this case was a special proceeding, and not an action, and we do not see upon what principle the costs, as in ordinary actions, could be allowed, if at all. The judgment in which the costs in this order were inserted has been reversed at this term.

The order should be reversed, with ten dollars costs and printing disbursements.

HERRICK, J., concurred.

PUTNAM, J. :

The payment of plaintiff's claim was not unreasonably resisted, and, therefore, plaintiff should only recover his disbursements. Perhaps the same rule should govern the granting of costs on a reference under the statute as in an action against executors and administrators, where costs are awarded because payment of a claim has been unreasonably resisted. (Civil Code, §§ 1835, 1836.) Had it appeared, however, that the payment of the claim in suit was unreasonably resisted or neglected, I am not prepared to say that costs could not have been properly allowed under section 3240, Civil Code. It has been suggested that, although a reference under the statute is a special proceeding, section 3240 (*supra*) does not apply, because, as held in *Larkins* v. *Maxon* (103 N. Y., 680 ; 3 Birdseye Stat., 2614, 2615), section 317 of the Code of Procedure is yet in force, and that section regulates the award of costs on such a reference. By section 3250, Civil Code, it is provided that the title therein as to costs (including § 3240,

*supra*) shall not affect any provision of any other unrepealed statute regulating the costs in any particular case. But, in fact, section 317 (*supra*) does not regulate the award of costs in such a case. It is silent upon that subject. It merely provides that the prevailing party may recover his referee's fees and disbursements. It strikes me, therefore, that section 3240 (*supra*) may apply to such a reference, and that when the payment of a claim against a deceased party is unreasonably contested the court may award costs in addition to the disbursements which the prevailing party is entitled to under the provisions of section 317 of the Code of Procedure.

PUTNAM and HERRICK, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.