CHARLES P. BURDETT et al., Respondents, *v.* EDWARD R. LOWE et al., Appellants.

Where an order of General Term granting a new trial is affirmed on appeal to this court and judgment absolute directed against the appellant, the sureties upon the undertaking given to perfect the appeal as prescribed by the Codes (Code of Civil Procedure, § 1326 ; Code of Procedure, § 334), are only liable for costs of the appeal to this court, not for all the costs in the action.

*Burdett* v. *Lowe* (22 Hun, 588), reversed.

(Argued March 8, 1881 ; decided April 26, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made November 26, 1880, affirming a judgment in favor of plaintiffs, entered upon a verdict. (Reported below, 22 Hun, 588.)

This action was brought upon an undertaking given on appeal from an order of General Term reversing a judgment and granting a new trial.

The undertaking was as required and in the form prescribed by the Code of Procedure then, in force (§ 334), to perfect an appeal ; *i. e.*, " that the said appellants shall pay all the costs and damages which shall be awarded against them, not exceeding $500." The order appealed from was affirmed and judgment absolute directed against appellants.

Upon the trial, defendants claimed that the recovery should be limited to the costs of appeal to this court and moved the court to direct a verdict for no greater sum. This motion was denied. It was stipulated that the full costs in the action exceeded the $500, and the court directed a judgment for that amount with interest; to which rulings of the court defendants' counsel duly excepted.

*Edward D. McCarthy* for appellants. Defendants were only liable for the costs of the appeal to this court. (*Post* v. *Doremus*, 60 N. Y. 371.)

*John E. Burrill* for respondents.

DANFORTH, J. There was an excess of words in the undertaking construed in *Post* v. *Doremus* (60 N. Y. 371); but eliminating those, the obligation was precisely like that on which this action was brought. The circumstances of the two cases, and the stage of the action at which the prevailing party became entitled to costs, are also the same, and the decision then made must control here. The plaintiffs, therefore, were entitled to recover only such costs as could be taxed against Harris and Jones (the unsuccessful appellants) as costs of appeal to this court. The defendants' counsel also claims that an offer of judgment was made and that costs of this action should be adjusted accordingly. But that fact does not appear upon the record and cannot be considered.

The judgment of the General and Special Terms should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.