JAMES B. JERMAIN, Respondent, v. THE LAKE SHORE
AND MICHIGAN SOUTHERN RAILROAD COMPANY,
Appellant.

WILLIAM F. DRAKE and Others, Respondents, v. THE
SAME, Appellant.

ALEXANDER MONROE, Respondent, v. THE SAME,
Appellant.

CHARLES H. RABERG, Jr., Executor, Respondent, v. THE
SAME, Appellant.

*Interest* — *runs at the rate fixed by law when allowed as damages* — 1879, *chap.* 538 —
*Costs* — *effect of an affirmance by the Court of Appeals, with costs, of an order
granting a new trial* — *disbursements* — *only the expenses actually incurred can
be taxed.*

In an action, brought to recover arrears of dividends on guaranteed stock issued
by the defendant, a judgment dismissing the complaint was reversed at the
General Term and a new trial ordered.   The defendant having given the usual
stipulation and appealed to the Court of Appeals, the order was there affirmed
and judgment absolute ordered against the defendant, with costs.   Thereafter
.and in June, 1883, upon the plaintiff's motion an extra allowance was granted
by an order of the Special Term and a judgment was entered in his favor for
the amount of the dividends, with interest thereon at the rate of seven per cent
per annum from the time they were respectively payable to the time of the
entering of the judgment, together with the costs of the action.

*Held,* that as the plaintiff recovered interest upon the amounts of the dividends
as damages and not upon any contract, the rate per cent should have been fixed
at six per cent from and after January 1, 1880.

*Sanders* v. *Lake Shore and Michigan Southern Railroad Company* (MS. of Ct. of
App.) followed.

That under the *remittitur* of the Court of Appeals the plaintiff was entitled not
only to the costs in the Court of Appeals, but also to the costs of the trial in
the court below.

That the court had power to grant his motion for an extra allowance, and that
the General Term could not, under the facts of this case, interfere with the
discretion exercised by it.

It appeared that certain documents were used upon the trial of each of several
actions brought by different plaintiffs against the same defendant to recover
the said arrears of dividends, and that the cost of procuring them — the sum
of $165 — was taxed as a disbursement in each case.

*Held,* that in the absence of any proof to show that this sum was paid for the docu-
ments in each case, the amount should have been taxed but once.

APPEALS from judgments in favor of the plaintiffs, entered in the above entitled actions, and from orders awarding to them an extra allowance and granting them leave to issue executions upon the judgments.

These actions were brought to recover arrears of dividends on guaranteed ten per cent stock issued by the defendant. They were brought to trial at Special Term, and tried with the cases of Boardman, Prouty and others, against the same defendant, wherein those plaintiffs recovered judgments, which have since been affirmed at General Term and in the Court of Appeals. (See the *Boardman case*, 84 N. Y., 157, and the *Prouty case*, 85 id., 272.) The cases at bar were precisely like the Boardman case, save that the date of the stock certificates of the several parties here plaintiffs, was subsequent to August 1, 1864, when the company declared and paid dividends on their common stock, while the certificates of Boardman and others bore date prior to such payment of dividends on the common stock. On that ground Judge BARRETT dismissed the complaints of the present plaintiffs. On appeals by the plaintiffs, those judgments were reversed at the General Term in January, 1882, and new trials ordered, with costs to abide the event. (26 Hun, 474, 475.) From such orders the defendant appealed to the Court of Appeals, stipulating that if the orders were affirmed, judgments absolute should be rendered in favor of the respondents. Those appeals were decided by the Court of Appeals, March 6, 1883, and the orders of the General Term were affirmed, and judgments absolute ordered against the defendant, "with costs." (91 N. Y., 483, 664.) The judgments of the Court of Appeals were made the judgments of this court by orders of March 10, 1883. Subsequently an order was made at a Special Term, granting an extra allowance to the plaintiffs.

*Edward S. Rapallo*, for the appellant.

*Lucien Birdseye*, for the respondent.

BRADY, J.:

There are several appeals in this case. The points involved in each have been presented in one brief on the part of the respondents, and by separate briefs on behalf of the appellant. The

questions involved will be disposed of without reference to the numerical order of the appeals.

The defendant complains that interest at the rate of seven per cent has been allowed upon the recovery in each of these cases down to the time that the judgment was entered. The absolute judgment was perfected in the present year. Also that the costs of the Special Term were given against it, and that an extra allowance was granted; and, further, that an application for liberty to file objections *nunc pro tunc* to some of the items in the bill of costs, taxed against it during the absence of its counsel, was denied; and again, that an execution was allowed to issue embracing these objectionable items as a part of the judgment. Some criticism has been made upon the manner in which one of the appeals was taken, the order appealed from having been entered by the defendant's counsel without the consent or knowledge of the counsel for the plaintiff; but inasmuch as the whole case is before the court, it is regarded as unnecessary to take any notice of this fact, as suggested, assuming it to be true. If the items which form the subject of that application appear and are objectionable, it will be the duty of the court *ex debito justitiæ* to consider and reject them, if necessary.

The plaintiff's recovery was founded upon a contract which was silent as to interest and made long prior to the act of the legislature, which took effect upon the 1st of January, 1880, reducing the rate of interest from seven to six per cent. It is declared in that act that nothing therein contained shall be so construed as in any way to affect any contract or obligation made prior to its passage. The right of the plaintiffs to recover interest under such circumstances has been denied, however, by the Court of Appeals in the recent case of *Sanders* v. *Lake Shore and Michigan Southern Railroad Company*,* manuscript opinion, by EARL, J. That case involved the precise question. The decision rests upon the principle that as interest was not secured by virtue of any provision in the contract to pay it, it could be recovered simply as damages, inasmuch as the defendant was in default in the discharge of its obligations to the plaintiff and wrongfully withheld money due him. And the court said that in such a case, where interest

* See Mem., 94 N. Y.

is allowed as damages, it is well settled that the legal rate must govern. The appeal, therefore, so far as it relates to the allowance of interest at seven per cent must be sustained.

The *remittitur* from the Court of Appeals in these cases granted judgment absolute upon the stipulation given by the defendant, with costs, and the question is whether the words "with costs" give to the defendant the costs of the trial in the court below. It is supposed that the right to costs arising from the form of the *remittitur* has been disposed of against the plaintiff by the case of *Savage* v. *Allen* (2 Sup. Ct. [T. & C.], 474), but this view seems to be erroneous. It appears in that case that in the action, which was an equitable one, the costs of the two appeals had been taxed, and the Special Term, on motion, granted an additional allowance. The appeal in the case to this court was from the order granting such allowance only and the court held that the case was one in which an allowance could not be given, on the ground that the defendant did not recover general costs but costs of the appeal only.

It will be perceived from this statement that the effect of the words in the *remittitur* "with costs," was not considered, the appeal relating entirely to the order granting the extra allowance. The precise questions, however, of the right to costs and the power to make allowances were considered in the cases of *Burdett* v. *Lowe* (22 Hun, 588) and that of *Parrott* v. *Sawyer* (26 Hun, 466). In the latter case, in which judgment had been ordered absolute in the Court of Appeals, with costs, this court held that the Special Term had the power upon the *remitttiur* to entertain a motion made by the defendants for an additional allowance. The cases of *Eldridge* v. *Strenz* (39 Supr. Ct., 295), and *McGregor* v. *Buell* (1 Keyes, 153), were considered in the opinion of the court and disregarded as controlling upon the question.

In the case of *Burdett* v. *Lowe*, the court held that upon such a *remittitur* as suggested, the judgment embraced all the costs in the action, and that the sureties on the appeal to the Court of Appeals were liable for them. On the appeal to the Court of Appeals (see 85 N. Y., 241), this judgment was reversed as to the sureties, upon the ground that they were not liable for the costs as sureties but the right to the costs was not disputed. In the case of *Von Keller*

v. *Schulting* (45 How. Pr., 139), this court, at General Term, held that where judgment was rendered absolute for the defendant, with costs, in the Court of Appeals, the defendant was entitled to costs from the commencement of the action, notwithstanding that costs were in the discretion of the court and none were allowed to the plaintiff on recovering judgment. These adjudications dispose of the appeal which relates to costs and allowances.

The appeal from the order denying the application for leave to file with the clerk *nunc pro tunc* certain objections to items in the bills of cost which were taxed by the plaintiff, may be disposed of without reference to the technicalities affecting it, as it should be, as matter of justice. It appears that certain documents were used in all the cases, the expense of which, to the plaintiff's attorney, was one hundred and sixty-five dollars, and this sum is taxed in each case. It would seem to be improperly taxed as a disbursement in each case. In the absence of proof that one hundred and sixty-five dollars was paid in each case for documents, it would appear to be unjust to allow it as a disbursement in each case. There does not seem to be any pretense that it was paid more than once in all the cases. To this extent we think the appeal relating to that subject should succeed.

The appeal from the order granting leave to issue the execution should therefore be modified so as to conform to the views herein expressed as to the interest and the item as to documentary evidence.

The allowance made in each one of these cases would seem to be excessive, from the account of the proceedings at the trial, but we do not think that upon the facts before us we would be justified in declaring that the discretion exercised by the justice in the court below in making the allowance, was abused. No costs allowed to either party on these appeals, and orders to be settled on two days' notice of submission thereof, and the amendments, if any, to Justice BRADY.

DAVIS, P. J., and DANIELS, J., concurred.

Order modified as directed in opinion; order to be settled by BRADY, J.