JOSEPHINE F. CLASON, Plaintiff, *v.* JOHN KEHOE and JAMES M. GRIGGS, Defendants.

*Undertaking on appeal in ejectment — sureties released when the principal pays costs and secures a new trial — when liable for the use and occupation during the pendency of the appeal — action prematurely brought on an undertaking — Code of Civil Procedure, § 1309.*

A surety is to be held liable only according to the terms of the obligation, and whenever the principal is released the surety is released.

Sureties upon an undertaking, given upon an appeal by the defendant in an action of ejectment, being only sureties to secure a specific judgment, are released when the defendant pays the costs, obtains an order vacating the judgment, and goes back for a new trial of the action pursuant to the statute. But where such an undertaking, in addition to the usual provisions. contains a covenant that the sureties will pay "the value of the use and occupation" of the premises, the sureties are liable for such use and occupation during the pendency of the appeal.

An objection that an action upon an undertaking has been commenced sooner than is permitted by the provisions of section 1309 of the Code of Civil Procedure cannot be taken for the first time upon an appeal.

MOTION by the defendants, John Kehoe and another, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the plaintiff, rendered by direction of the court after a trial at the New York Circuit on the 13th day of June, 1894.

*George W. Stephens*, for the plaintiff.

*Isaac N. Miller*, for the defendants.

O'BRIEN, J.:

This action is brought upon an undertaking given on an appeal to the General Term from a judgment entered on a verdict in favor of the plaintiff in an action of ejectment. The undertaking recites that the defendants " jointly and severally undertake that the appellant will pay all costs and damages which may be awarded against said appellant on said appeal, not exceeding five hundred dollars, and do also undertake that if the said judgment so appealed from or any part thereof is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which judgment is affirmed, and the value of the use and occupation and for waste, not exceeding fifteen hundred dollars." On appeal to the General Term the judgment, so far as it included a recovery of mesne profits, was reversed, but otherwise affirmed. Plaintiff then appealed to the Court of Appeals, where the judgment of the General Term, so far as it modified the original judgment, was reversed, and that of the Circuit Court affirmed. Thereupon this action was commenced against the sureties on the undertaking, and after its commencement the defendant in the original action paid the costs included in the judgment, including all the costs of the appeal, and an order was thereupon entered vacating the judgments of the Circuit Court and of the Court of Appeals, and an order for a new trial was made under the statute. On the new trial plaintiff again recovered substantially the same rate of damages as was allowed in the original recovery, including damages

to the amount of $1,200 for the use of the premises during the pendency of the appeal.

The question presented, therefore, is whether or not the obtaining of a new trial by the defendant in ejectment by the mere payment of costs under the statute will have the effect of discharging the sureties on appeal from all liability. Section 1309 of the Code of Civil Procedure provides that no action shall be maintained upon an undertaking until ten days have expired since the service upon the attorney for the appellant of a written notice of the entry of judgment affirming the judgment appealed from. It is conceded that this action was commenced before the ten days so provided for had expired, but we do not regard this as a good objection, because not raised below and not available for the first time upon appeal. It is insisted, however, that even had notice been given the action could not be maintained, because the defendant in the ejectment suit, for whom these defendants were sureties, having paid the costs and damages as provided in section 1525 of the Code of Civil Procedure, and obtained an order vacating the judgment, and having taken a new trial as allowed by the statute, the sureties were not liable, and this notwithstanding the fact that upon the new trial a judgment was obtained for substantially the same amount as in the original action, and also for the use and occupation of the premises during the time the appeal was pending.

Singular as it may appear, we have been referred to no text book or case in which the precise question here presented has been discussed or decided, and we are, therefore, left to determine it as an original question. As such we think it should be disposed of in accordance with the agreement of the parties, which is to be found in the terms of the undertaking. The general principle upon which sureties are held liable is that they are only liable according to the terms of their obligation, and that whenever the principal is released they are released. Here the sureties specifically undertook to pay the judgment of the 21st of June, 1890, and they were affected by the judgment of the Court of Appeals only so far as it reinstated that judgment. Being thus sureties for a specific judgment, we think that whenever or by whatever means that judgment was vacated their liability ceased. The contention that, having once become sureties for the defendant they were sureties in the action, and, there-

fore, liable if the judgment was against the defendant finally, is without force.

These defendants were sureties to secure a specific judgment and were released when that judgment was vacated. It is clear that after paying the costs and securing a vacation of the judgment and a new trial, the original judgment could not be enforced against the principal, and it seems reasonably certain that if the sureties had paid that judgment and the principal subsequently had it vacated, such sureties could not recover against their principal, for the reason that " where the principal is not liable the surety cannot recover from the principal the money which he has paid." (24 Am. & Eng. Ency. of Law, 791, and cases cited.) In the new judgment no reference was made to the prior one, nor could there have been, because the statute permitted the payment of the costs and damages and in an action of this kind entitled the party to a new trial. It may be a hardship that one who has obtained a judgment which has been secured by an undertaking on appeal is forced to lose such security because the statute permits the judgment to be vacated upon certain conditions and grants a new trial, but such hardship is to be obviated either by statute or by a provision in the undertaking which will provide against such a contingency and hold the sureties in the event that the person whose judgment is thus secured finally succeeds.

We think, however, that under the terms of the undertaking the sureties are liable for the value of the use and occupation of the premises during the pendency of the appeal. Their contract was to be liable for such use and occupation and for waste not exceeding $1,500, and where, as here, it has been finally decided and is conceded by the stipulation of the parties that such value amounts to $1,200, it is but right that the sureties should pay that amount in accordance with their agreement.

The exception to the direction of a verdict for the full amount should accordingly be sustained and the motion for a new trial granted, with costs to defendants to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Exceptions sustained, motion for new trial granted, with costs to defendants to abide event.