ERDLE et al. v. BASSETT et al.

(Supreme Court, Special Term, Chautauqua County. April 25, 1916.)

1. APPEAL AND ERROR ⬤�longdash⟩1223—APPEAL BOND—LIABILITY OF SURETY—COSTS.
        A principal on an appeal bond may have a liability distinct from that of the surety.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4724–4726; Dec. Dig. ⬤�longdash⟩1223.]

2. APPEAL AND ERROR ⬤�longdash⟩1223—APPEAL BOND—LIABILITY OF SURETY—COSTS.
        The liability of a surety on an appeal bond must be determined by a strict interpretation of his contract.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4724–4726; Dec. Dig. ⬤⟻⟩1223.]

3. APPEAL AND ERROR ⬤⟻⟩1234(5)—APPEAL BOND—LIABILITY OF SURETY—COSTS.
        Under a bond obliging the surety to pay all costs and damages awarded against the defendants on appeal, the surety is not liable for costs in the trial below.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4773, 4775; Dec. Dig. ⬤⟻⟩1234(5).]

4. APPEAL AND ERROR ⬤⟻⟩1234(3)—APPEAL BOND—LIABILITY OF SURETY—COSTS.
        Under a bond obliging the surety to reimburse plaintiffs for waste committed by defendants on the premises in suit and to pay a deficiency on

─────────
⬤⟻⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sale for the value of the use and occupancy of the property, payment of taxes and of an insurance premium cannot be allowed against the surety.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4766–4770; Dec. Dig. ⟨⇒⟩1234(3).]

5. APPEAL AND ERROR ⟨⇒⟩1234(5)—APPEAL BOND—LIABILITY OF SURETY—COSTS—"WASTE."

A surety, obligated to pay for any waste committed on the premises by the defendant pending appeal, is not liable for ordinary repairs, since "waste" is spoil or destruction to lands, houses, or other corporeal hereditaments by the tenant, to the permanent injury of the inheritance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4773, 4775; Dec. Dig. ⟨⇒⟩1234(5).

For other definitions, see Words and Phrases, First and Second Series, Waste.]

6. APPEAL AND ERROR ⟨⇒⟩1234(3)—APPEAL BOND—CONSTRUCTION—SURPLUSAGE.

Where an appeal bond obliges the surety to pay a deficiency upon sale of the property for the use and occupation thereof, no sale having been provided for in the judgment, the provision as to sale should be treated as surplusage and discarded making the surety liable only for the use and occupation of the property.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4766–4770; Dec. Dig. ⟨⇒⟩1234(3).]

Action by Smauel W. Erdle and F. Elizabeth Erdle against Millson M. Bassett and others. Heard on an agreed statement of facts to determine the liability of the defendant the American Surety Company as surety on the appeal bond. Judgment for plaintiffs in part.

Nugent & Heffernan, of Dunkirk (A. E. Nugent, of Dunkirk, of counsel), for plaintiffs.

Palmer & Rowe, of Dunkirk (Murle L. Rowe, of Dunkirk, of counsel), for defendants.

BISSELL, J. The question to be determined in this proceeding, instituted upon an agreed statement of facts, is the extent of the liability of the defendant the American Surety Company of New York, upon its undertaking as surety for the defendants Millson M. Bassett and Beth Bassett. The plaintiffs recovered a judgment in this court on the 1st day of March, 1915, for the possession of certain premises situate in the village of Silver Creek, N. Y., together with $77.92 costs of the action. The defendants thereupon appealed from this judgment to the Appellate Division of this court, and on March 15, 1915, obtained an order staying all proceedings under the execution issued on the judgment pending the appeal. A judgment affirming the judgment of the trial court, with $91.48 costs and disbursements of the appeal, was entered on the 22d day of December, 1915. 156 N. Y. Supp. 1122.

The defendants Bassett occupied the premises from December 1, 1912, until December 15, 1915, when possession was surrendered, but no sums of money have been paid by them to the plaintiffs on account of the use and occupancy of the property between February 1, 1914, and December 15, 1915, nor has anything been paid on ac-

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

count of the judgment of March 1, 1915, or the judgment of December 22, 1915.

The plaintiffs claim that there is due them under the contract of suretyship, the following amounts: First, the sum of $77.93, with interest from March 1, 1915, the costs and disbursements awarded to plaintiffs by the judgment of March 1, 1915; second, the sum of $91.48, the costs and disbursements awarded by the judgment of affirmance of the Appellate Division, with interest thereon from December 22, 1915; third, the sum of $52.08, the taxes for 1914 and 1915 and water rent of the premises; fourth, the sum of $150, estimated to be necessary to repair the property; fifth, the sum of $7.50, insurance premium paid for insurance on the property; sixth, the sum of $127.50, the value of the use and occupancy of the property from the 12th day of March, 1915, to the 15th day of December, 1915.

The defendants admit the liability of the American Surety Company for the item of $91.48, costs and disbursements of the Appellate Division, with interest from December 22, 1915, but deny the Surety Company's liability for any of the other items claimed by the plaintiffs. The undertaking of the defendant Surety Company provides that:

"It does undertake in the sum of $800 that the appellants will pay all costs and damages which may be awarded against them on the said appeal, and does also undertake that the said defendants will not, while in possession of the premises described in the complaint, commit or suffer to be committed any waste thereon, and does also undertake that if the judgment is affirmed, or the appeal is dismissed, and there is a deficiency upon a sale, said defendants Millson M. Bassett and Beth Bassett will pay the value of the use and occupancy of such property, or the part thereof as to which the judgment is affirmed, from the time of taking the appeal until the delivery of possession thereof, pursuant to the judgment or order."

[1, 2] The first item disputed by the defendants is the item for the costs of the trial of the action, amounting to $77.93, with interest. It must be understood at the outset that the defendants Basset may have a liability to the plaintiffs distinct from and greater than the liability of the defendant Surety Company. In this proceeding the liability of the Surety Company alone is to be determined, and must be determined by a strict interpretation of the contract of suretyship entered into by it.

[3] This contract obliges the Surety Company to do three things: (1) To pay all costs and damages which may be awarded against the defendants *on appeal.* (2) That the defendants will not, while in possession of the premises described in the complaint, commit or suffer to be committed any waste thereon. (3) If the judgment is affirmed, or the appeal is dismissed, and there is a deficiency upon the sale, the defendants will pay the value of the use and occupancy of the property from the time of taking the appeal until the delivery of possession thereof. In Bennett v. American Surety Company, 73 App. Div. 468, 77 N. Y. Supp. 207 (affirmed on opinion below 179 N. Y. 548, 71 N. E. 1128), Justice Patterson says, in determining a similar question:

"The question here is as to the measure of liability of the Surety Company *under its contract*, and not the amount of costs recoverable of the plaintiff *in the action* in which that undertaking was given."

Burdett v. Lowe, 85 N. Y. 241, which was followed in Bennett v. Surety Company, supra, the undertaking under consideration being in the same language as the undertaking in the present case, holds distinctly that the surety is only liable for costs on the appeal to the appellate court, not for all of the costs of the action.

[4] The defendant Surety Company is therefore required to pay only the costs of the Appellate Division, to wit, $91.48, with interest thereon from December 22, 1915. The remaining items claimed, if allowed, must fall within the definition of waste, or the definition of use and occupancy. It is apparent that the payment of taxes and of insurance premium do not fall within either of these definitions and cannot be allowed.

[5] Waste is defined as:

"Spoil or destruction done or permitted to lands, houses, or other corporeal hereditaments by the tenant thereof. Bouvier's Law Dictionary. In its essential elements waste is the same in this country and in England, being a spoliation or destruction of houses, trees, etc., to the permanent injury of the inheritance." 40 Cyc. 501.

It does not appear that any direct damage of any kind was done to the premises by the occupation thereof from the time the appeal was taken. The necessary wear and tear which may have been incurred, and the necessary repairs which a tenant is required to keep up in his occupancy of any real property, are not included within the term "waste," and therefore the item of $150, estimated to be necessary to defray the expense of repairs to the property, cannot be allowed.

[6] The item of $127.50, claimed for use and occupation, the reasonable rental value of the property during the pendency of the appeal, should be allowed. It is apparent that in preparing the undertaking the provisions of section 1331 of the Code of Civil Procedure were copied, and resulted in the insertion of the reference to "a deficiency upon a sale," which clearly has no application to this case, as the judgment appealed from did not provide for a sale of the property in question. The reference should therefore be treated as surplusage, and the undertaking construed to mean that the surety undertakes that, if the judgment is affirmed or the appeal dismissed, the defendants Bassett will pay the reasonable value of the use and occupancy of the premises pending the appeal. This would seem to be the reasonable construction to be placed upon this clause of the undertaking. The item of $127.50 is therefore allowed in this case. Clason v. Kehoe, 87 Hun, 368, 34 N. Y. Supp. 431.

A judgment may be entered by the plaintiffs against the defendants for $91.48, with interest thereon from December 22, 1915, and for $127.50, with interest thereon from December 15, 1915. Pursuant to the stipulation of the parties, no costs will be included in the judgment.